

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-13-2002

# USA v. Barrera

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-4533

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Barrera" (2002). *2002 Decisions.* Paper 567.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/567

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT


No. 01-4533


UNITED STATES OF AMERICA

v.

VICTOR LUIS BARRERA,
                              Appellant


On Appeal from the United States District Court
        for the District of New Jersey
          (D.C. Crim. 01-cr-00561-1)
      District Judge:  Hon. Jerome B. Simandle


Submitted Under Third Circuit LAR 34.1(a)
          September 12, 2002

Before:  SLOVITER, RENDELL, Circuit Judges
        and McCLURE,* District Judge

(Filed September 13, 2002)


OPINION OF THE COURT

_____

\*    Hon. James F. McClure, Jr., United States District Court for the Middle District of
     Pennsylvania, sitting by designation. SLOVITER, Circuit Judge.
                              I.
     This is an appeal from a judgment of sentence in a drug importation case pursuant
to a written plea agreement.  Appellant Victor Luis Barrera, who pled guilty to a single-
count information charging that he knowingly and intentionally imported into the United
States over 100 grams of heroin in violation of 21 U.S.C.    952(a) and 960(b)(2)(A) and
18 U.S.C.    2, challenges the District Court's denial of a minor participant downward
departure under U.S.S.G.    3B1.2(b).  The District Court, following the recommendations
of the Pre-Sentence Report (PSR), which were in accord with the stipulations in the
written plea agreement, assigned Barrera a base offense level of 30 for the unlawful
importation of an amount of heroin between 700 and 1,000 grams under U.S.S.G.
2D1.1(c)(5), reduced by three levels for timely acceptance of responsibility pursuant to
U.S.S.G.    3E1.1(a) and (b)(2), and reduced a further two levels under the "safety valve"
provision of U.S.S.G.    5C1.2, for a final offense level of 25.  With Barrera's criminal
history category of I, the PSR placed his applicable sentencing range at 57 to 71 months.
     At the sentencing hearing, Barrera objected to the PSR's lack of recommendation
for a minor role adjustment pursuant to U.S.S.G.    3B1.2(b).  Barrera argued that when
compared to the other participants in the importation scheme who were charged in the
Eastern District of New York under a separate, but related indictment for conspiracy to
distribute, his role was minor.  In considering Barrera's request, the District Court noted:
     1)  The minor role adjustment applied only if Barrera played a part in committing
the offense that made him substantially less culpable than the average participant,

pursuant to U.S.S.G. 3B1.2, Application Note 3(A).

2) Barrera could receive the adjustment notwithstanding the fact that he was only charged with a single act of importation and, thus his relevant conduct consisted of only one act (pursuant to a recent amendment to 3B1.2 by the Sentencing Commission).

3) Its inquiry was "guided by the Third Circuit's decision in United States v. Isaza-Zapata," which required the district courts to examine "the nature of the defendant's relationship to the other participants, the importance of the defendant's actions to the success of the venture, and the defendant's awareness of the nature and scope of the criminal enterprise." 148 F.3d 236, 239 (3d Cir. 1998) (quotations omitted).

The District Court then adopted the recommendations of the PSR and denied Barrera's motion for the minor role adjustment. The District Court acknowledged that other participants acquired the drugs, packaged them for Barrera to swallow, and received them from Barrera. However, it was Barrera who "swallowed them. He took a trip on the airliner. He landed at Newark . . . He was entrusted with . . . delivery of these drugs. Appellant's App. at 43. The District Court then concluded that Barrera's role and his culpability in regard to the importation were as great as that of the other participants because: 1) Barrera imported a large quantity of heroin and a large amount of drugs militated against the finding of a minor role, 2) although he was subservient to Sandra Foronda, his new wife, and her family, who were involved in heroin distribution, Barrera differed little from an average participant for the conduct charged (importation), 3) Barrera had smuggled drugs before for the same people and possessed the drugs for several days, and was well paid for his efforts, thus demonstrating that he had sufficient knowledge of the group's organization and activities such that he could not qualify as a minor participant, and 4) although not charged with the conspiracy or the distribution aspects thereof, Barrera's role in the importation was pivotal insofar as the importation could not have occurred but for Barrera's actions.

The District Court sentenced Barrera to 57 months incarceration (the bottom of the guideline), no fine, four years of supervised release, and a special assessment of $100. Barrera filed a timely notice of appeal.

                              II.

The District Court had subject matter jurisdiction under 18 U.S.C. 3231. This court has jurisdiction under 28 U.S.C. 1291. We review the findings of fact by a district court in a 3B1.2 analysis for clear error. United States v. Perez, 280 F.3d 318, 351 (3d Cir. 2002), petition for cert. filed, No. 01-10721 (2002). We have plenary review of the legal interpretations of the Sentencing Guidelines. United States v. Brown, 250 F.3d 811, 818 (3d Cir. 2001).

Barrera asserts that the District Court erred as a matter of law by viewing him as an "average participant in an importation scheme," Appellant's App. at 42-3, and failing to compare his actions to those of the entire importation/distribution scheme.

The scope of the District Court's inquiry was guided by our decision in Isaza-Zapata where we stated:

> In 1990, the Sentencing Commission clarified the scope of the conduct relevant to the role in the offense adjustment, and the introductory commentary now directs that the determination of the defendant's relative culpability for purposes of assessing the applicability of the adjustment must be made on the basis of all relevant conduct namely, all conduct within the scope of 1B1.3 and not simply on the basis of the elements and acts referenced in the count of conviction.

148 F.3d at 239.

We held that a 3B1.2 determination is heavily dependent on the individual facts of the particular case at issue and the circumstances of the individual defendant. Id. at 238-39. Barrera had the burden to prove that the conduct charged in the New York indictment was "conduct within the scope of 1B1.3." U.S.S.G. Ch. 3, Pt. B, Introductory Commentary. It can be implied from the plea agreement that Barrera's relevant conduct was the extent of the importation scheme, as it stipulated "[t]he amount of heroin that comprises the relevant conduct in this case is more than 700 grams but less than 1 kilogram," rather than the 3.8 kilograms attributed to the members of the larger

distribution conspiracy of the New York indictment. Appellant's App. at 15. Had the court included the latter in Barrera's relevant conduct, he would have been subject to a base offense level four points higher than the one he actually received for the extra drug amount, resulting in a guideline range of 70 to 87 months, even with his sought-after two-level minor role adjustment.

As the court stated in United States v. Rodriguez De Varon, 175 F.3d 930, 941 (11th Cir. 1999), it would not make sense for a defendant to claim that her relevant conduct be construed narrowly for the purposes of calculating the offense level while simultaneously arguing for a broad interpretation of the same conduct for the purpose of determining whether a role adjustment was warranted. Barrera cannot have it both ways. The District Court did not err in restricting its scope of inquiry to the relevant conduct of the importation scheme.

Nor did the District Court clearly err in its treatment of Barrera's conduct relative to the total importation scheme. A minor role adjustment is warranted only on a finding that the defendant was substantially less culpable than an average participant in the relevant conduct. U.S.S.G. 3B1.2, Application Note 3(A); see also United States v. Headley, 923 F.2d 1079, 1084 (3d Cir. 1991); United States v. Price, 13 F.3d 711, 735 (3d Cir. 1994). Using the standards set forth in Isaza-Zapata, the District Court examined "the nature of the defendant's relationship to the other participants, the importance of the defendant's actions to the success of the venture, and the defendant's awareness of the nature and scope of the criminal enterprise." Isaza-Zapata, 148 F.3d at 239 (quotations omitted).

Barrera imported large amounts of heroin on more than one occasion and he was twice offered a substantial monetary reward for his role in the importation. He married a woman who was apparently the "number two" person in the organization so that she could reside here and represent the interests of the cartel in the United States. He had knowledge of the roles of Sandra Foronda, Wilson, and Romero within the organization, as well as knowledge of the organization's scope and purpose insofar as he had imported large quantities of drugs into the United States on the organization's behalf on more than one occasion.

The evidentiary basis of the above facts is not in dispute and, by the standards of Isaza-Zapata, Barrera's level of culpability in the importation scheme was at least average, not substantially less so. Thus, there is both a credible evidentiary basis and a firm rational connection between the facts of record and the findings of the District Court based upon those facts. Barrera's factual argument fails just as his legal argument did.

III.

For the reasons set forth, we will affirm the judgment of sentence of the District Court.

_____

TO THE CLERK:

Please file the foregoi

/s/ Dolores K. Slov

Circuit Judge


No. 01-4533


UNITED STATES OF AMERICA

v.

VICTOR LUIS BARRERA,
Appellant


On Appeal from the United States District Court
for the District of New Jersey
(D.C. Crim. 01-cr-00561-1)

District Judge:  Hon. Jerome B. Simandle


Before:  SLOVITER, RENDELL, Circuit Judges
         and McCLURE,* District Judge
              _____


JUDGMENT

    This cause came on to be heard on the record from the United States District Court
for the District of New Jersey and was submitted pursuant to Third Circuit LAR 34.1(a)
on September 12, 2002.

_____

*    Hon. James F. McClure, Jr., United States District Court for the Middle District of
     Pennsylvania, sitting by designation.     On consideration whereof, it is now here order
the judgment of sentence of the District Court entered on December 18, 2001, be and the
same is hereby affirmed.  All of the above in accordance with the opinion of this Court.
                        ATTEST:



                        Clerk

Dated: