

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-29-2002

# USA v. Laine

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-1274

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation
"USA v. Laine" (2002). 2002 Decisions. Paper 677.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/677

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 02-1274


UNITED STATES OF AMERICA

v.

EILEEN LAINE,
                              Appellant


On Appeal from the United States District Court
for the District of New Jersey
(D.C. Crim. No. 98-00707)
Honorable William G. Bassler, District Judge


Submitted under Third Circuit LAR 34.1(a)
October 18, 2002

BEFORE: ROTH and GREENBERG, Circuit Judges,
and WARD, District Judge*

(Filed October 29, 2002)


OPINION OF THE COURT



*Honorable Robert J. Ward, Senior Judge of the United States District Court for the Southern District of New York, sitting by designation.



GREENBERG, Circuit Judge.

     This matter comes on before this court on Eileen Laine's appeal from the sentencing component of a judgment of conviction and sentence entered on January 18, 2002. The United States Attorney filed an information against Laine charging her in five counts as follows:  count 1, conspiracy to commit insurance fraud in violation of 18 U.S.C.   371; count 2, conspiracy to commit tax offenses in violation of 18 U.S.C.   371; count 3, tax evasion in violation of 26 U.S.C.   7201; count 4, money laundering in violation of 18 U.S.C.   1956(a)(1)(B)(i) and 2; count 5, money laundering in violation of 18 U.S.C.   1956(a)(1)(B)(i) and 2. Inasmuch as Laine cooperated with the government the United States Attorney filed a motion for a downward departure pursuant to U.S.S.G.   5K1.1. The district court calculated her guideline range as 78 to 97 months predicated on a total offense level of 28 and a criminal history category of I but granted the government's motion and departed downward 9 levels to a total offense level of 19 which established her sentencing range as 30 to 37 months. The court then sentenced Laine to five concurrent 30-month custodial terms to be followed by five concurrent three-year terms of supervised release. Laine appeals, asserting that the district court made two errors. First, she contends that the court "erred in attributing the entire loss

amount to [her] without first examining the scope of her agreement to participate in the fraud and whether the actions of the others were reasonably foreseeable in light of that agreement."  Second, she argues that the "court erred in denying [her] a minor role adjustment based on her integral role in the conspiracy rather than her relative culpability."  We have jurisdiction under 18 U.S.C.   3742.

The parties appear to be in some disagreement with respect to the appropriate standard of review to apply here.  Laine asserts that we are concerned with "interpretation and application of the sentencing guidelines" and the "proper analysis under the sentencing guidelines" and thus our review is de novo, citing United States v. Isaza-Zapata, 148 F.3d 236, 237 (3d Cir. 1998), and United States v. Georgiadis, 933 F.2d 1219, 1222 (3d Cir. 1991).  While the government does not quarrel with Laine's statement of the law, it believes that there is a factual as well as a legal component in the guidelines calculations and that we review the factual component on a clear error basis, citing Isaza-Zapata, 148 F.3d at 237, and United States v. Fuentes, 954 F.2d 151, 152-53 (3d Cir. 1992).  We are of the view that there are to a degree factual disputes here and thus we exercise both deferential and plenary review on this appeal.

We are satisfied that the district court's conclusions as to the amount of the loss attributed to Laine were fully justified.  The record supports the court's finding that Laine "was personally involved in almost every aspect of the securities fraud."  App. at 114.  In this regard, the district court relied on the presentence report which it characterized as being "very thorough."  Id.  We, too, have examined the presentence report and find it to be exceptionally comprehensive.  We also reject Laine's contention that she was entitled to a minor role adjustment.  In this regard we recognize that Laine's share of the profits of the conspiracy was less than that of other conspirators.  This circumstance, however, does not in itself make her role "minor."  See United States v. Moore, 991 F.2d 409, 413-14 (7th Cir. 1993).

The judgment of conviction and sentence entered January 18, 2002, will be affirmed.


                              /s/ Morton I. Greenberg
                              Circuit Judge


DATED:        October 29, 2002