

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-17-2003

# USA v. Chalas

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1334

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Chalas" (2003). *2003 Decisions*. Paper 52.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/52

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 03-1334

———

UNITED STATES OF AMERICA

v.

JOSE CHALAS,
                              Appellant

———

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
D.C. Crim. No. 02-cr-00807-01
District Judge:  The Honorable John C. Lifland

———

Submitted Under Third Circuit LAR 34.1(a)
November 21, 2003

———

Before: RENDELL, BARRY, and MAGILL,[*] Circuit Judges

———

(Opinion Filed: December 17, 2003)

———

OPINION

———

———

[*] The Honorable Frank J. Magill, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

BARRY, Circuit Judge

On October 28, 2002, appellant Jose Chalas pleaded guilty to a one-count Information which charged him with conspiring to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Pursuant to a written plea agreement, the government and Chalas stipulated that: (1) the applicable sentencing guideline was § 2D1.1, and the amount of crack-cocaine attributable to Chalas was at least 50 grams but not more than 150 grams, carrying a base offense level of 32; (2) Chalas did not use violence or credible threats of violence or possess a firearm in connection with the offense; (3) the offense did not result in death or serious bodily injury to another person; (4) Chalas was not an organizer, leader, manager, or supervisor of others, and was not engaged in a continuing criminal enterprise; (5) Chalas would be eligible for a three-level reduction under U.S.S.G. § 3E1.1 if he continued to demonstrate acceptance of responsibility; and (6) neither party would argue at sentencing for a downward or upward departure or adjustment, except that Chalas reserved the right to seek a two-level reduction in his offense level for his alleged minor role in the offense.

The presentence report ("PSR") concurred with the stipulations set forth in the plea agreement, and also recommended a two-level reduction in the offense level because Chalas satisfied the "safety-valve" criteria under U.S.S.G. § 5C1.2. (PSR ¶¶ 22, 62.) Moreover, according to the PSR and as relevant here, Chalas' participation in the offense did not warrant a mitigating role adjustment because he (1) arranged for the undercover

2

agent to purchase the drugs, (2) negotiated the purchase price and accompanied the undercover agent and the cooperating witness to a location in order to meet the supplier, and (3) understood the scope of the conspiracy. (PSR ¶ 15.)

At the sentencing hearing on January 27, 2003, Chalas argued for a two-level reduction in his offense level under U.S.S.G. 3B1.2(b) based on his purported minor role. The District Court rejected this argument, finding that: (1) Chalas was a "facilitator between parties who had no prior knowledge of each other"; (2) his "actions were critical to the success of the venture"; and (3) he was fully aware of the nature and scope of the criminal enterprise, as demonstrated by his "transfer of a certain amount of crack cocaine for a certain price" and his expectation to be paid "somewhere in the neighborhood of ten percent of the purchase price." (App. at 39A-40A.) Thus, the District Court concluded, Chalas failed to prove that he was "substantially less culpable than the average participant in this transaction," and sentenced him to 70 months' imprisonment.[1] (App. at 40A.)

Chalas filed a timely appeal and argues that he is entitled to a minor role adjustment. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

A sentencing court's factual findings with respect to whether a role adjustment is warranted under U.S.S.G. § 3B1.2 are reviewed for clear error. United States v. Perez, 280 F.3d 318 (3d Cir. 2002). Courts are afforded broad discretion in applying § 3B1.2,

---

[1] Chalas' total offense level was 27, and his criminal history category was I. The resulting guideline imprisonment range was 70 to 87 months.

3

and "their rulings are left largely undisturbed by the courts of appeal." United States v. Isaza-Zapata, 148 F.3d 236, 238 (3d Cir. 1998).

U.S.S.G. § 3B1.2 allows a two-level reduction in the offense level of a defendant whose role was minor. A minor participant is one "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, Application Note 5; United States v. Brown, 250 F.3d 811, 819 (3d Cir. 2001). In assessing whether a defendant played a minor role, the following factors are considered: "the nature of the defendant's relationship to the other participants, the importance of the defendant's actions to the success of the venture, and the defendant's awareness of the nature and scope of the criminal enterprise." Id. at 239 (quoting United States v. Headley, 923 F.2d 1079, 1084 (3d Cir. 1991)) (internal quotations and citations omitted).

Chalas introduced the undercover agent to the drug supplier, knew the price of the drugs and relayed that information to the buyer, personally turned the drugs over to the undercover agent and received money from him, and expected to be paid $200 to $250 for the transaction. He played an instrumental role in the transaction which, it is clear, could not have taken place without him. The District Court's findings that Chalas' actions were critical to the success of the venture, and that he was fully aware of the nature and scope of the criminal enterprise, were not clearly erroneous. See also United States v. Edwards, 98 F.3d 1364, 1371 (D.C. Cir. 1996) (determining that defendant did not play a minor role in the offense because she "handled the drugs and exchanged them for money," and

4

"requested payment in drugs for her services in arranging the deal"). Accordingly, we will affirm the judgment of sentence.

By The Court,

/s/ Maryanne Trump Barry
Circuit Judge