

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-23-2004

# USA v. Macas

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2927

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Macas" (2004). *2004 Decisions.* Paper 987.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/987

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 03-2927
_____

UNITED STATES OF AMERICA,

v.

DARWIN MACAS,
                    Appellant

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

(D.C. No. 03-cr-85)
District Judge:  The Honorable William J. Martini

_____

Submitted Under Third Circuit LAR 34.1(a)
January 30, 2004

BEFORE: NYGAARD and FUENTES,  Circuit Judges,
and O'NEILL,* District Judge.

_____

(Filed : February 23, 2004 )

_____

*.        Honorable Thomas N. O'Neill, Jr., Senior District Judge for the United States
District Court for the Eastern District of Pennsylvania, sitting by designation.

OPINION OF THE COURT

O'NEILL, <u>District</u> <u>Judge</u>.

Authorities arrested appellant, Darwin Macas, when he entered the United States in Newark, New Jersey in July 2002. Subsequently, Macas pleaded guilty to a one count information charging him with importation of more than 100 grams of heroin in violation of 21 U.S.C. §§ 942(a) and 960(b)(2). He is currently serving a sentence of 57 months. Macas appeals the District Court's denial of his request for a two-level reduction for a minor role in the criminal activity.

Judge William J. Martini, in the District Court of the District of New Jersey, held a sentencing hearing at which appellant requested a two-level reduction for a minor role in the offense under the United States Sentencing Guidelines § 3B1.2. The probation officer recommended that appellant be denied that reduction. Judge Martini denied appellant's request for a minor role reduction and sentenced him to 57 months incarceration, a sentence that is at the bottom of the applicable sentencing guidelines range.

Appellant contends that the District Court did not comply with this Court's ruling in *United States v. Headley*, 923 F.3d 1079 (3d Cir. 1991). This Court stated in *Headley* that a defendant's eligibility for being a minor participant in a conspiracy "must

2

depend necessarily on such factors as the nature of the defendant's relationship to the other participants, the importance of the defendant's actions to the success of the venture, and the defendant's awareness of the nature and scope of the criminal enterprise." *Id.* at 1084. We later elaborated on the scope of the inquiry by holding that "there is no limit to the extent of a court's factual inquiry and assessment of the defendant's relative culpability." *United States v. Isaza-Zapata*, 148 F.3d 236, 242 (3d Cir. 1998).

Judge Martini found that appellant was not a minor participant. He made clear that he was making a judgment based on the facts. He stated "I am of the opinion that role [minor role] could be applicable in certain cases." App. at 22. He goes on to say "I think the issue is fact-driven" and "I am not of the opinion of the fact that a defendant might have had a prior transportation in and of itself would deny him of the eligibility for minor role." *Id.* Furthermore, after deciding to deny the departure Judge Martini stated "I want you to know that this Court would be open-minded in a certain type of case to be more receptive to granting that eligibility [for the departure]." *Id.* at 24-25. Because Judge Martini's decision was fact-driven, we review his decision only for clear error. *United States v. Brown*, 250 F.3d 811 , 819 (3d Cir. 2001).

Most of the facts that Judge Martini considered in support of his finding that appellant was not entitled to a minor role reduction were relevant to appellant's awareness of the nature and scope of the criminal enterprise. Judge Martini concluded that appellant's relatively high level of education and his freedom from drug addiction made it likely that appellant was aware of the nature and scope of the crime in which he

3

participated. He also found that appellant's ingestion of the drug twice indicated that appellant was intimately involved with the drug transportation scheme. Judge Martini noted that appellant was to receive $13,000 for the second trip importing drugs, $7,000 more than he received the first time, and considered the increased amount of money an indication that appellant was aware of his important involvement in a serious drug smuggling conspiracy. Finally, Judge Martini considered, as one factor, the importance of appellant's actions to the drug smuggling scheme. He stated that "but for his conduct, these drugs would not have come into this country." *Id.* at 24.

It is clear that Judge Martini knew the appropriate considerations regarding whether appellant was eligible for the downward deduction. He made factual determinations and concluded that appellant should not get the downward departure. His findings are not clearly erroneous and we will affirm his decision.

_____