**UNITED STATES of America,**

v.

**Rafael RODRIGUEZ, Appellant.**

**No. 03–1450.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Dec. 8, 2003.

Decided March 1, 2004.

St. Clair Theodore, Office of United States Attorney, Christiansted, St. Croix, USVI, for Appellee.

Darwin K. Carr, Christiansted, St. Croix, USVI, for Appellant.

Before: NYGAARD, BECKER, and STAPLETON, Circuit Judges.

OPINION OF THE COURT

NYGAARD, Circuit Judge.

In this appeal, Rafael Rodriguez challenges the District Court's denial of his motion to dismiss for prosecutorial misconduct. He also challenges the District Court's denial of his motion for a downward adjustment in his offense level under U.S.S.G. § 3B1.2. We have jurisdiction under 28 U.S.C. § 1291 and will affirm.

I.

Because we write for the parties we will summarize only those facts relevant to this appeal. Rodriguez was charged with various drug-related offenses to which he pleaded guilty to two counts of possession with intent to distribute controlled substances. 21 U.S.C. § 841(a)(1). Prior to pleading guilty to these offenses, Rodri-

guez filed a motion to dismiss his indictment based on prosecutorial misconduct. In support of this motion, Rodriguez alleged that two grand jury witnesses gave perjured testimony upon which the grand jury relied in issuing the indictment. The District Court found there was no evidence that either of these witness offered perjured testimony and denied Rodriguez's motion.

At sentencing, Rodriguez sought a downward adjustment in his offense level under U.S.S.G. § 3B1.2. He alleged that he was only a minor or minimal participant in the overall scheme to which he pleaded guilty and, therefore, qualified for a downward adjustment. The District Court disagreed and refused to adjust his sentence downward under § 3B1.2.

## II.

We review a district court's factual findings on a motion to dismiss for clear error. *United States v. Soberon,* 929 F.2d 935, 940 (3d Cir.1991). We review a district court's decision denying a downward adjustment in sentencing for clear error when that decision is based on factual findings. 18 U.S.C. § 3742(e). In general, "[a district court's] rulings [regarding downward adjustments] are left largely undisturbed by the courts of appeal" *United States v. Isaza–Zapata,* 148 F.3d 236, 238 (3d Cir.1998).

In support of his motion to dismiss, Rodriguez asserts that two witnesses offered perjured testimony to the grand jury. Appellant's Brief at 17 (citing for support, *United States v. Basurto,* 497 F.2d 781, 784–87 (9th Cir.1974)). The District Court disagreed and found that neither of the witnesses identified by Rodriguez perjured themselves during the grand jury proceeding. This finding is well supported in the record and is not clearly erroneous. Specifically, both witnesses testified that they lied to officers after they were arrested but that subsequent to those initial statements they told the truth. In the face of this testimony, Rodriguez offered no evidence to show that either of these witnesses lied to the grand jury. Accordingly, the District Court's finding that these witnesses did not offer perjured testimony to the grand jury is not clearly erroneous and we will affirm its denial of Rodriguez's motion to dismiss.

The District Court was also not clearly erroneous in denying Rodriguez's request for a downward adjustment. Under U.S.S.G. § 3B1.2, a defendant qualifies for anywhere from a two to four point reduction in his offense level if his role in an offense is "minor" or "minimal." The District Court's refusal to grant this adjustment is well supported by the record and, given the high level of deference afforded to district court decisions in this area, we will affirm.

## III.

For the foregoing reasons, we will affirm the District Court's order denying Rodriguez's motion to dismiss, and the sentence imposed by the District Court.