

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-14-2004

# USA v. Pagley

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2004

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Pagley" (2004). *2004 Decisions.* Paper 841.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/841

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 03-2004

———

UNITED STATES OF AMERICA

v.

ALEXANDER PAGLEY, SR.,

Appellant

———

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 02-cr-00018-02)
District Judge: Hon. Gary L. Lancaster

———

Submitted under Third Circuit LAR 34.1(a)
April 1, 2004

Before: ALITO, FISHER and ALDISERT, Circuit Judges.

(Filed: April 14, 2004)

———

OPINION OF THE COURT

———

ALDISERT, Circuit Judge.

Because we write for the parties only, the background of this case is not set forth.

This appeal by Alexander Pagley, Sr., requires us to decide whether his sentence should

be vacated and the proceedings remanded for a new sentencing hearing on the issues of Pagley, Sr.'s alleged minimal role in the criminal activity that led to his indictment and the number of illegally sold firearms for which Pagley, Sr., can be held responsible.

Pagley, Sr., stipulated that the conduct charged in counts one, two, three, five and seven could be considered by the district court in imposing a sentence. Pagley, Sr., and the government agreed, however, that Pagley, Sr.'s acknowledgment of responsibility for the conduct charged in those counts did not preclude him from disputing the number of firearms attributable to him for the purpose of an increase in offense level pursuant to United States Sentencing Commission, Guidelines Manual, § 2K2.1(b)(1)(C) (Nov. 2000).

The district court did not commit clear error in determining that Pagley, Sr., should be held responsible for the illegal sale of all nine firearms. Pagley, Sr., need not have been convicted of the conspiracy count in order for the district court properly to consider the conduct alleged in that count for the purpose of sentencing. See United States v. Watts, 519 U.S. 148, 152-153 (1997) (per curiam). The district court determined that the relevant conduct had been established by a preponderance of the evidence, which included, among other things, Pagley, Sr.'s acknowledgment of responsibility. See United States v. Miele, 989 F.2d 659, 663 (3d Cir. 1993).

Pagley, Sr., was present during and participated in all of the sales. During the first visit he suggested that the undercover agent fill out forms and purchase a shotgun for the

2

cooperator ("RG"), whose background check had come back "delayed" for further investigation into his eligibility to purchase firearms. He assisted the other three members of the conspiracy in falsifying information on federal and state forms required for the firearms purchases. We reject his contention that he was unaware of the content of the forms.

Given Pagley, Sr.'s participation, the sale of all nine firearms was reasonably foreseeable to him. See U.S.S.G. § 1B1.3(a)(1)(B). Accordingly, the district court's determination to follow the recommendation of the Presentence Investigation Report and increase the offense level by three does not warrant vacation of the sentence and remand for a new sentencing hearing. See U.S.S.G. § 2K2.1(b)(1)(C).

The district court did not err in determining that Pagley, Sr., should be given a two-level reduction as a minor participant in the criminal activity and not a four-level reduction as a minimal participant. See U.S.S.G. § 3B1.2.

The district court did not commit legal error in interpreting the terms "minimal participant" and "minor participant." Contrary to assertions by Pagley, Sr., the district court did not consider that knowledge of the enterprise alone precluded a finding of minimal participation. See United States v. Isaza-Zapata, 148 F.3d 236, 239 (3d Cir. 1998). The district court's statement that lack of knowledge and understanding of the scope and structure of the enterprise and activities of others is merely "indicative" (as distinguished from "determinative") of a role as a minimal participant supports this

3

conclusion.  (App. at 96.)

The district court's factual determination that Pagley, Sr., was a minor but not minimal participant was not clearly erroneous.  See United States v. Perez, 280 F.3d 318, 351 (3d Cir. 2002).  The district court properly found that Pagley, Sr., was less culpable than others in the conspiracy but not that he was the least culpable for purposes of the Guidelines.  Pagley, Sr., suggested that the undercover agent's name be called in to the Pennsylvania Instant Check System in order to circumvent the delayed status placed on RG's eligibility to purchase the shotgun.  He also assisted in filling out paperwork by offering support and direction.  He suggested that the undercover agent fill out extra forms so RG could purchase firearms alone.  He accepted cash payments for the sales. The difference between "minor" and "minimal" is always a matter of degree.  These facts indicate "minor" and not "minimal" participation.

We have considered all contentions raised by the parties and conclude that no further discussion is necessary.

The judgment of the district court will be affirmed.

———