

1998 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-8-1998

# United States v. Isaza-Zapata

Precedential or Non-Precedential:

Docket 97-5443

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1998

Recommended Citation

"United States v. Isaza-Zapata" (1998). *1998 Decisions.* Paper 133.
http://digitalcommons.law.villanova.edu/thirdcircuit_1998/133

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1998 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed June 8, 1998

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 97-5443

UNITED STATES OF AMERICA

v.

OSCAR IVAN ISAZA-ZAPATA,
        Appellant

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 97-66)

Argued March 20, 1998

BEFORE: BECKER, Chief Judge, RENDELL, and
HEANEY,* Circuit Judges

(Filed: June 8, 1998)

Kevin F. Carlucci, Esq. (argued)
Office of Federal Public Defender
972 Broad Street
Newark, New Jersey 07102
 Counsel for Appellant

_____

*Hon. Gerald W. Heaney, Senior United States Circuit Judge for the
Eighth Circuit, sitting by designation.

George S. Leone, Esq.
Elizabeth S. Ferguson, Esq. (argued)
Office of United States Attorney
970 Broad Street
Room 502
Newark, New Jersey 07102
 Counsel for Appellee

OPINION OF THE COURT

RENDELL, Circuit Judge.

This case requires us to review the factors a district court should consider in deciding whether a drug courier or "mule" convicted of importation may be characterized as a minor participant in the offense, such that a downward adjustment in sentencing pursuant to S 3B1.2 of the United States Sentencing Guidelines may be warranted. The district court concluded that, as a courier, the defendant's role was "essential" and he was not a minor participant. Because we cannot determine whether this conclusion was a factual finding, or was based on an interpretation of the sentencing guidelines, we will vacate and remand for resentencing consistent with this opinion. See United States v. Mummert, 34 F.3d 201, 205 (3d Cir. 1994); United States v. Colletti, 984 F.2d 1339, 1348 (3d Cir. 1992).

I.

While in Colombia on a vacation, Oscar Ivan Isaza-Zapata was approached by two men, Carlos and Tyson, in a park. The men offered to pay him $16,000 to transport 800 grams of heroin to the United States. In need of money for a foot operation, Isaza-Zapata agreed. He later met Carlos and Tyson at a hotel in Perriera, Colombia, where they gave him 100 pellets of heroin to swallow. They provided him with a ticket to Newark, where he was to meet another man named Carlos.

Upon his arrival at Newark International Airport, Isaza-Zapata was subjected to a routine customs examination. After his demeanor aroused suspicion, Isaza-Zapata was

asked to consent to an X-ray examination. Isaza-Zapata signed the consent form and was transported to Bayonne Medical Center, where he passed approximately 100 pellets containing heroin. He advised the customs agents that he had been paid to bring narcotics into the United States. Isaza-Zapata attempted to cooperate with Customs officials by placing a call to his United States contact, but was unsuccessful.

In a one count indictment, the grand jury charged Isaza-Zapata with knowingly and intentionally importing into the United States more than 100 grams of heroin in violation of 21 U.S.C. SS 952(a) & 960(a)(1), and 18 U.S.C. S 2. Isaza-Zapata subsequently pled guilty. At sentencing, he requested a two-point downward adjustment in his offense level as a minor participant. The government agreed that Isaza-Zapata was entitled to the downward adjustment. The district court, however, declined to grant the adjustment. The court sentenced Isaza-Zapata to 60 months imprisonment, four years supervised release, a $1,000 fine, and a special assessment of $100. This appeal followed.

II.

The district court had jurisdiction pursuant to 18 U.S.C. S 3231, and we have jurisdiction pursuant to 28 U.S.C. S 1291 and 18 U.S.C. S 3742. We employ a mixed standard of review when considering whether a defendant was entitled to a downward adjustment as a minor participant. See United States v. Carr, 25 F.3d 1194, 1207 (3d Cir. 1994). We exercise plenary review where the district court's denial of a downward adjustment is based primarily on a legal interpretation of the Sentencing Guidelines. See United States v. Bierley, 922 F.2d 1061, 1064 (3d Cir. 1990). However, where the district court's decision rests on factual determinations, we review for clear error. See id.

At the sentencing hearing, the district court denied the two-point downward adjustment, stating only that "I find that his role is essential for the commission of the crime and that he is not a minor participant." The district court did not set forth any other reasons for its determination, and it is not clear whether the district court assessed the relative culpability of Isaza-Zapata as compared to others

3

and considered the factors we have outlined in United States v. Headley, 923 F.2d 1079 (3d Cir. 1990), in relation to the other participants, or whether the court had adopted a practice whereby mules or couriers do not qualify for a minor role adjustment because they are "essential." With respect to the latter, we note that because the determination of whether a defendant is entitled to a minor role adjustment is highly dependent on the facts of particular cases, see U.S. Sentencing Guidelines Manual S 3B1.2, Background Commentary, a mechanical application of the guidelines by which a court always denies minor role adjustments to couriers because they are "essential," regardless of the particular facts or circumstances, would be inconsistent with this guidance. See United States v. King, 53 F.3d 589, 591-92 (3d Cir. 1995) (finding that sentencing "practices" are proscribed under S 5K1.1 of the Guidelines).

We do not hold that the district court erred in refusing to grant Isaza-Zapata a minor role adjustment. We are simply unable to determine the basis of the district court's ruling from the record. Since our standard of review turns on whether the court denied the downward adjustment based on a proper legal interpretation of the mitigating role provision based on the facts of this particular case, see Carr, 25 F.3d at 1207, we conclude that the appropriate course of action is to remand to allow the district court to state the basis for its ruling, and we take this opportunity to review the proper standards if the court wishes to clarify or reconsider its ruling in light of this opinion. See Mummert, 34 F.3d at 205.

III.

The Sentencing Guidelines permit adjustments to a defendant's offense level based on the role that he played in committing the offense. Section 3B1.2 affords a reduction in the offense level if the defendant was either a minimal or a minor participant:

> Based on the defendant's role in the offense, decrease the offense level as follows:
>
> (a) If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.

4

(b) If the defendant was a minor participant in an y criminal activity, decrease by 2 levels.

In cases falling between (a) and (b), decrease by 3 levels.

U.S. Sentencing Guidelines Manual S 3B1.2. The district courts are allowed broad discretion in applying this section, and their rulings are left largely undisturbed by the courts of appeal. See United States Sentencing Commission, 1996 Sourcebook of Federal Sentencing Statistics (1996) (stating that the affirmance rate under S 3B1.2 is 99.3%).

The background commentary to this provision indicates that its application is heavily dependent on the facts of a particular case, and that the reduction is available for a defendant whose role in the offense makes him substantially less culpable than the average participant. See U.S. Sentencing Guidelines Manual S 3B1.2, Background Commentary. Section 3B1.2 does not itself define the term "participant," but an application note to S 3B1.1, which addresses a defendant's aggravating role in the offense, defines a participant as "a person who is criminally responsible for the commission of the offense, but need not have been convicted. A person who is not criminally responsible for the commission of the offense (e.g., an undercover law enforcement officer) is not a participant." U.S. Sentencing Guidelines ManualS 3B1.1, Application Note 1. That same definition of "participant" should also apply to the mitigating role provision. See United States v. Katora, 981 F.2d 1398, 1402 (3d Cir. 1992).

It is clear that the adjustments for a defendant's role in the offense apply where there has been concerted activity involving one or more participants. The application notes indicate that "a minor participant means any participant who is less culpable than most other participants, but whose role could not be described as minimal." U.S. Sentencing Guidelines Manual S 3B1.2, Application Note 3. The notes further explain that a defendant who plays a minimal role in concerted activity is one who is among the least culpable of those involved in the group conduct. Such factors as a defendant's lack of knowledge or understanding

5

of the overall enterprise and of others' activities are evidence of a minimal role in the offense. See U.S. Sentencing Guidelines Manual S 3B1.2, Application Note 1. Thus, the two prerequisites to the application ofS 3B1.2 are multiple participants and a differentiation in levels of culpability. See Katora, 981 F.2d at 1405. The Guideline provides little additional guidance, however, to district courts attempting to determine whether a particular defendant played a minor role.

In Headley, we adopted the following principles, as enunciated by the Second Circuit, as relevant to the determination of whether a courier is a minor participant: "`[t]he culpability of a defendant courier must depend necessarily on such factors as the nature of the defendant's relationship to the other participants, the importance of the defendant's actions to the success of the venture, and the defendant's awareness of the nature and scope of the criminal enterprise."' 923 F.2d at 1084 (quoting United States v. Garcia, 920 F.2d 153, 155 (2d Cir. 1990)). Although both Headley and Garcia involved defendant drug couriers, it should be noted that the relevance of these factors is not necessarily limited to couriers. Rather, these considerations are directed generally towards a defendant's involvement, knowledge, and culpability, and should provide guidance in any case. See United States v. Price, 13 F.3d 711, 735 (3d Cir. 1994) (referring to Headley factors in discussion of non-courier defendant's role in offense).

Since S 3B1.2 is ultimately concerned with the defendant's relative culpability, a district court should consider the defendant's conduct under the Headley factors in relation to the other participants. See Bierley, 922 F.2d at 1065 ("[T]he adjustments authorized by the role in the offense adjustments are directed to the relative culpability of participants in group conduct."). By the express terms of the application notes, the other participants must be criminally responsible. However, they need not have been charged with any offense. See id. (noting that there may be more than one participant even where there is only one defendant). The other participants "[do] not have to be guilty of [the offense charged] in connection with [the] scheme so long as their own criminal conduct made it

6

possible." United States v. Inigo, 925 F.2d 641, 659 (3d Cir.
1991); see also United States v. Belletiere, 971 F.2d 961,
969-70 (3d Cir. 1992).

In 1990, the Sentencing Commission clarified the scope
of the conduct relevant to the role in the offense
adjustment, and the introductory commentary now directs
that the determination of the defendant's relative culpability
for purposes of assessing the applicability of the
adjustment must be made on the basis of all relevant
conduct -- namely, all conduct within the scope ofS 1B1.3
-- and not simply on the basis of the elements and acts
referenced in the count of conviction.1  See U.S. Sentencing
Guidelines Manual, Ch. 3, Pt. B, intro. comment; see also
Headley, 923 F.2d at 1084 n. 2; United States v. Murillo,
933 F.2d 195, 198 n.1 (3d Cir. 1991). Accordingly, the
appropriateness of a minor role adjustment turns on"the
relativity of [the defendant's] conduct to the total [relevant
conduct] . . . ." Headley, 923 F.2d at 1085.

Although some of the courts considering this issue have
_____

1. Section 1B1.3(a) defines relevant conduct as:

(1)(A) all acts and omissions committed, aided, ab etted, counseled,
commanded, induced, procured, or willfully caused by the defendant;
and

(B) in the case of a jointly undertaken criminal a ctivity (a criminal
plan,
scheme, endeavor, or enterprise undertaken by the defendant in concert
with others, whether or not charged as a conspiracy), all reasonably
foreseeable acts and omissions of others in furtherance of the jointly
undertaken criminal activity, that occurred during the commission of the
offense of conviction, in preparation for that offense, or in the course
of
attempting to avoid detection or responsibility for that offense;

(2) solely with respect to offenses of a character  for which S 3D1.2(d)
would require grouping of multiple counts, all acts and omissions
described in subdivisions (1)(A) and (1)(B) above that were part of the
same course of conduct or common scheme or plan as the offense of
conviction;

(3) all harm that resulted from the acts and omiss ions specified in
subsections (a)(1) and (a)(2) above, and all harm that was the object of
such acts and omissions; and

(4) any other information specified in the appli cable guideline

7

noted the centrality or essential nature of the courier's role, they have done so in pointed response to the defendants' contentions that a courier should automatically qualify for a minor role adjustment, and have proceeded then to engage in an analysis of the defendant's conduct in relation to others. See United States v. Walker, 1 F.3d 423, 427–28 (6th Cir. 1993) (finding mere fact that defendant courier was less culpable than organizers, leaders, managers, or supervisors does not itself establish that she was minor participant); United States v. Buenrostro, 868 F.2d 135, 138 (5th Cir. 1989) (rejecting the argument that minimal participant status may be inferred as a matter of law from courier status). These cases do not stand for the proposition that the minor role adjustment never applies to couriers, or that the court should forego an analysis of the defendant's relative role.

The defendant bears the burden of demonstrating that other participants were involved and that, under the standards set forth above and the facts of his particular case, the minor role adjustment should apply. See Price, 13 F.3d at 735 (citing United States v. McDowell, 888 F.2d 285, 291 (3d Cir. 1989)). In the instant case, the record indicates that Isaza–Zapata was approached by Carlos and Tyson to transport heroin to the United States. Isaza–Zapata knew no one else involved in the scheme, and had no knowledge of the scope of the conspiracy. Carlos and Tyson provided Isaza–Zapata with pre-packaged heroin, showed him how to swallow the packages and how to travel, and provided him with a plane ticket.

Although this offense involving several participants with different roles is exactly the type of situation in which a minor role adjustment should be considered, two arguments are commonly advanced to discourage the application of the minor role adjustment in this type of case. First, the government contends that a courier like Isaza–Zapata, who is not charged with conspiracy, does not play a minor role in the importation with which he is charged. However, the fact that no conspiracy is charged does not preclude consideration of the minor role adjustment as long as other participants were involved in the relevant conduct. Even if the defendant is charged only

8

with, for example, importation or receiving stolen goods, if the evidence demonstrates that other participants were involved, the district court can consider whether the defendant played a minor role in the relevant conduct. See Bierley, 922 F.2d at 1069-70. It is the nature of the relevant conduct shown, and all the participants' roles in it, that is determinative -- not the nature or name of the offense charged as such. Relevant conduct includes acts and omissions "that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense . . . ." U.S. Sentencing Guidelines Manual S 1B1.3(a)(1). Accordingly, consideration of a downward adjustment requires only other participants in the conduct relevant to the offense of conviction, with differing levels of culpability.

Second, the government argues that no minor role adjustment is available where the defendant is charged only with the amount of drugs or money with which he was involved, or which he, in this instance, carried. The scope of the relevant conduct that a court should consider in assessing the applicability of the minor role adjustment, however, is broader than merely the conduct required by the elements of the offense of conviction. Even if a courier is charged with importing only the quantity of drugs that he actually carried, there may still be other participants involved in the conduct relevant to that small amount or that one transaction. See United States v. Rodriguez De Varon, 136 F.3d 740, 745 (11th Cir. 1998).

The Seventh Circuit has expressed skepticism as to a defendant's entitlement to a minor role adjustment in such a situation. In United States v. Lampkins, the court stated that where a defendant is sentenced only for the quantity of drugs that he himself handled, "it makes no sense to claim that [he] is a minor participant in [his] own conduct." 47 F.3d 175, 181. In that case, the district court could have based the defendant's original offense level and sentence on amounts in his co-conspirators transactions with which he was not personally involved but which were reasonably foreseeable to him. See id. at 180. Because the defendant already received a lower sentence based only on his own

9

acts, the court found that a further minor role reduction was not required. See id. at 181. Thereafter, in United States v. Burnett, the court stated that "[w]hen a courier is held accountable only for the amounts he carries, he plays a significant rather than a minor role in that offense." 66 F.3d 137, 140 (7th Cir. 1995). The court recognized that the defendant was a small cog in the overall scheme, but read S 3B1.2 as requiring the district court to determine whether the defendant played a minor role in relation to the conduct for which he has been held accountable. See id. The court evaluated the defendant's role, and affirmed the district court's denial of a minor role adjustment. See id. at 141.

We disagree with Burnett. The district court must examine all relevant conduct, not merely the defendant's, in assessing his relative culpability. The Eleventh Circuit shares this view. In Rodriguez De Varon, the Eleventh Circuit expressly stated that "[w]e reject [the] rationale [of Burnett and Lampkins]." See 136 F.3d at 745.2 Rather, the court recognized that the argument that a defendant cannot be a minor participant in his own conduct "overlooks the fact that the `relevant conduct' a court must consider in an importation scheme includes much more than the lone acts of the actual courier." Id.

Accordingly, although the amount of drugs with which the defendant is charged may be an important factor which weighs heavily in the court's view of the defendant's relative culpability, it does not necessarily preclude a minor role adjustment with one exception. Application Note 4 to S 3B1.2 indicates that a downward adjustment as a minor participant is not available to a defendant who has already received a lower offense level by virtue of being convicted of a substantially less serious offense than warranted by his actual conduct. See U.S. Sentencing Guidelines Manual

_____

2. We note that it is not entirely clear that the holding of Burnett would preclude a minor role adjustment every time a defendant is sentenced on the basis only of the amount of drugs with which he was directly involved. The court, although affirming the district court's denial of the minor role adjustment, emphasized the discretion of the district court and specifically stated that it would not have disturbed the decision even if the district court had ruled the other way. See 66 F.3d at 141.

10

S 3B1.2, Application Note 4. If this provision applies, the adjustment is not warranted. Courts have consistently applied this provision to preclude a minor role adjustment to defendants convicted of offenses less serious than warranted by their actual conduct. For example, where a larger conspiracy in which the defendant was involved is not taken into account in the charged offense that sets the defendant's base offense level, the defendant is not entitled to a reduction for his minor role in that conspiracy. See United States v. Gomez, 31 F.3d 28, 31 (2d Cir. 1994); United States v. Lucht, 18 F.3d 541, 555-56 (8th Cir. 1993); United States v. Olibrices, 979 F.2d 1557, 1560 (D.C. Cir. 1992). In this case, Isaza-Zapata was sentenced on the basis only of the amount of drugs which he carried, but there is no indication that he was convicted of an offense less serious than warranted by his actual conduct, and Application Note 4 should not preclude a minor role adjustment.

There may be some crimes which by their nature will normally involve only the defendant as the sole participant in the offense of conviction. See United States v. Romualdi, 101 F.3d 971, 975 (3d Cir. 1996) (noting that possession is a crime that on its face requires no concerted activity). However, the court should resist generalizations as to offenses by their assumed nature, and look rather to the facts of each case. If the defendant proves that there were other participants in the relevant conduct, which by definition includes the acts and omissions of others and is not limited to the elements of the offense charged, the potential exists for a role adjustment. See U.S. Sentencing Guidelines Manual S 1B1.3(a)(1)(B); see also Rodriguez De Varon, 136 F.3d at 745 (rejecting the argument that a defendant cannot be a minor participant in his own conduct); United States v. Webster, 996 F.2d 209, 212 (9th Cir. 1993) (considering the minor role adjustment for a defendant convicted of possession with intent to distribute); United States v. Caballero, 936 F.2d 1292, 1298-99 (D.C. Cir. 1991), cert. denied, 502 U.S. 1061 (1992) (same). For example, we recognized in Romualdi that the offense of receipt of child pornography -- which on its face focuses solely on the defendant recipient -- can involve concerted relevant conduct between the sender and the defendant.

11

See 101 F.3d at 975. We likewise recognize that a defendant may play a minor role in importing the amount of drugs that he himself carried. As the Eleventh Circuit has noted, other participants in the conduct relevant to the importation may include the persons who provided the drugs, who solicited the courier, who were to receive the drugs in the United States, and who procured buyers or distributors for the drugs. See Rodriguez De Varon, 136 F.3d at 745; see also United States v. Calderon–Porras, 911 F.2d 421, 423–24 (10th Cir. 1990) (noting that drug smuggling operations have many participants and that drug smuggling is a concerted activity). The district court should compare the defendant courier's culpability to the culpability of those other participants.

Accordingly, the mere fact that a courier was not charged with conspiracy or was charged only with the amount of drugs in his possession does not necessarily preclude consideration of a minor role adjustment. By the same token, a courier is not automatically entitled to a minor role adjustment. See Headley, 923 F.2d at 1084 (citations omitted); see also United States v. Rossy, 953 F.2d 321, 326 (7th Cir. 1992); United States v. Cacho, 951 F.2d 308, 310 (11th Cir. 1992); United States v. Buenrostro, 868 F.2d 135, 138 (5th Cir. 1989). A courier's role can vary widely, and we reject any per se rule regarding the applicability of the minor role adjustment. Rather, there is no limit to the extent of a court's factual inquiry and assessment of the defendant's relative culpability. While a district court does exercise broad discretion in determining whether a particular defendant played a minor role, the court must engage in the appropriate analysis. We cannot determine whether the district court did so in this case based on the record before us.

IV.

For the foregoing reasons, we will vacate the sentence and remand for resentencing consistent with this opinion.

A True Copy:
Teste:

      Clerk of the United States Court of Appeals
      for the Third Circuit