

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-12-2002

# USA v. Grier

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-1669

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Grier" (2002). *2002 Decisions.* Paper 724.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/724

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

————

No. 01-1669

————

UNITED STATES OF AMERICA

v.

MICHAEL L. GRIER,
a/k/a EDWARD GRIER,
a/k/a UNIVERSE

Michael Grier,
                              Appellant

————

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 00-cr-00416)
District Judge:  Hon. Mary Little Cooper

————

Submitted Under Third Circuit LAR 34.1(a)
October 31, 2002

Before:  SLOVITER, FUENTES, Circuit Judges
and FULLAM,* District Judge

(Filed: November 12, 2002 )

————

OPINION OF THE COURT

————

*       Hon. John P. Fullam, Senior Judge of the United States District Court for the
        Eastern District of Pennsylvania, sitting by designation.

SLOVITER, Circuit Judge.

Appellant Michael Grier pled guilty to distribution and possession with intent to distribute more than five grams of crack cocaine in violation of 21 U.S.C. § 841(a). His appeal is limited to the sentence imposed on him by the District Court. He argues the District Court erred in denying his request for a downward adjustment for a minor role in the offense and erred in denying his request for a downward departure for a number of reasons.

Because this decision is of interest only to the parties, who are familiar with the facts, we set them forth only briefly.

## I.

On June 20, 2000, a confidential informant ("CI") working for the Drug Enforcement Agency (DEA) asked Grier for 60 grams of crack cocaine, Grier agreed, and they arranged to meet to complete the sale a short time later. Grier arrived at the predetermined location, entered the CI's vehicle, and handed the CI approximately 58.6 grams of crack cocaine, receiving in exchange $2,000 from the CI. Grier was then arrested by DEA agents who witnessed the transaction.

Grier was indicted shortly thereafter. He entered into a plea agreement with the government that provided, inter alia, that the base offense level was 32, and that Grier was entitled to downward adjustments for acceptance of responsibility and timely notification of intent to plea, reducing his total offense level to 29.

Prior to sentencing, Grier moved for a 2-level downward adjustment pursuant to

U.S.S.G. § 3B1.2(b) based on his alleged minor role in the crime. He also moved for a downward departure on various grounds, inter alia, (1) his criminal history calculation was overstated pursuant to U.S.S.G. § 4A1.3; (2) drug dependence; (3) post-offense rehabilitation; (4) lack of guidance as a youth; (5) family ties and responsibilities; and (6) totality of the circumstances.

At the sentencing hearing, the District Court acknowledged its authority to depart, rejected Grier's motions, and sentenced Grier to 127 months of imprisonment which was within the Guideline range of 121 to 151 months for a total offense level of 29 and a criminal history category of IV.

Grier argues that he was entitled to a 2-level downward adjustment due to his minor role in the offense. U.S.S.G. § 3B1.2(b) provides that "[i]f the defendant was a minor participant in any criminal activity, decrease [the offense level] by 2 levels." Application Note 5 states that a minor participant means any participant "who is less culpable than most other participants, but whose role could not be described as minimal." According to the Application Notes to this provision, its application is heavily dependent on the facts of a particular case, and "provides a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant." U.S.S.G. § 3B1.2, Application Note 3. We have stated that "[t]he district courts are allowed broad discretion in applying this section, and their rulings are left largely undisturbed by the courts of appeal." United States v. Isaza-Zapata, 148 F.3d 236, 238 (3d Cir. 1998).

3

The following factors are relevant in determining whether a defendant is a minor participant:

> the nature of the defendant's relationship to the other participants, the importance of the defendant's actions to the success of the venture, and the defendant's awareness of the nature and scope of the criminal enterprise.

Id. at 239 (quoting United States v. Headley, 923 F.2d 1079, 1084 (3d Cir. 1991) (citation omitted)). Essentially, "these considerations are directed generally towards a defendant's involvement, knowledge, and culpability, and should provide guidance in any case." Id. Significantly, "[t]he defendant bears the burden of demonstrating that other participants were involved and that, under the standards set forth above and the facts of his particular case, the minor role adjustment should apply." Id. at 240.

Grier argues that he was a minor participant because he was not the only individual sought by law enforcement agents and because he was not the only individual who participated in the offense. He notes that the CI originally sought to purchase drugs from a street dealer who did not appear, and only then did the CI seek to buy the drugs from Grier. This did not establish that there were other individuals involved in the crime but at most that there were multiple dealers in that area.

As the District Court stated at Grier's sentencing hearing, "[Grier] negotiated and carried out the entire transaction." App. at 58a-59a. Thus, Grier was the central, if not the principal, participant in the crime, and as such, his role was far more extensive than a minor participant. It follows that the District Court did not err in ruling Grier had failed to meet

his burden of showing that he was a minor participant.

Grier also argues that the District Court erred in failing to grant a downward departure based on the alleged over-representation of his criminal history, his post-offense rehabilitation, drug dependence, lack of guidance as a youth, and family ties and responsibilities.

We lack jurisdiction to review the District Court's refusal to downward depart. As long as the District Court was "aware of its authority to depart from the Guidelines, and chose not to, we are without power to inquire further into the merits of its refusal to grant [a downward departure]." United States v. Georgiadis, 933 F.2d 1219, 1222 (3d Cir. 1991) (citing United States v. Denardi, 892 F.2d 269, 272 (3d Cir. 1989)). As we have stated, "we have jurisdiction to decide whether a sentencing court erred legally when not making a requested discretionary downward departure, but we cannot hear a challenge to the merits of a sentencing court's discretionary decision not to depart downward from the Guidelines." Georgiadis, 933 F.2d at 1222 (citation omitted).

It is evident from the record that the District Court was well aware of its authority to depart downward and chose not to, often for reasons it articulated on the record. We therefore cannot inquire further into the refusal to grant a downward departure. We will affirm the judgment of conviction and sentence.

_____

TO THE CLERK:

Please file the foregoing opinion


/s/Dolores K. Sloviter
 Circuit Judge

6