

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-29-2004

# USA v. Hilliard

Precedential or Non-Precedential: Non-Precedential

Docket 02-2784

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Hilliard" (2004). *2003 Decisions.* Paper 601.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/601

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 02-2784
_____

UNITED STATES OF AMERICA

v.

ARTIS ROBERT HILLIARD,

Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey

District Court Judge: The Honorable Joseph A. Greenaway, Jr.
(D.C. Criminal No. 99-cr-00237)
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
April 8, 2003

Before: ALITO, FUENTES and GREENBERG, Circuit Judges.

(Opinion Filed: April 28, 2003 )
_____

OPINION OF THE COURT
_____

FUENTES, Circuit Judge:

Artis Hilliard pleaded guilty to one count of bank fraud in violation of 18 U.S.C. §§ 1344 and 2, and was sentenced to 18 months imprisonment. In determining Hilliard's sentence, the District Court denied his request for a "minor participant" downward adjustment under U.S.S.G. § 3B1.2. Hilliard argues on appeal that the District Court misapplied the three-factor test for determining whether a defendant was a "minor participant" in the crime. Because we find that the District Court properly applied the three-factor test set forth in United States v. Isaza-Zapata, 148 F.3d 236 (3d Cir. 1998), we will affirm the District Court's sentencing determination.

We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We exercise plenary review where the district court's denial of a downward adjustment is based primarily on a legal interpretation of the Sentencing Guidelines. See United States v. Brown, 250 F.3d 811, 818 (3d Cir. 2001); Isaza-Zapata, 148 F.3d at 237. However, where the district court's decision rests on factual determinations, we review for clear error. See id.

Because we write primarily for the parties, we will only briefly set forth the facts relevant to the issue in this case. On September 22, 1998, Hilliard deposited a $175,000 check made payable to him in his Fleet Bank savings account upon the request of his friend Desiree Calcano. The check was purportedly from a settlement fund in a class action lawsuit involving Copley Pharmaceuticals, Inc. Hilliard admitted that "he was never a party to the settlement of a lawsuit involving a pharmaceutical company," and that "he believed the

money was derived from some illegal source." (PSR ¶ 13) Two days after depositing the counterfeit check in his savings account, Hilliard wired $145,000 to an account at the Bank of America in Beverly Hills, California. He also withdrew $9,500 in cash from his account. The next day, Hilliard returned to the same Fleet Bank branch with Calcano and Edward Day and withdrew an additional $9,500 in cash from his account. Hilliard gave the $19,000 in cash to Day in exchange for Day's promise that he would receive a payment at a later date.

The fraud was detected, however, before any further withdrawals could be made. On May 5, 1999, a federal grand jury returned a one-count indictment charging Hilliard with defrauding or attempting to defraud Fleet Bank by depositing a counterfeit check in his savings account and later withdrawing or transferring funds from that account. On February 21, 2002, Hilliard pleaded guilty to the one-count indictment. On June 14, 2002, the District Court held a sentencing hearing and then imposed a sentence of 18 months imprisonment, four years of supervised release, and $19,000 in restitution.

Hilliard contends that he was a minor participant in the criminal activity. U.S.S.G. § 3B1.2 provides:

> Based on the defendant's role in the offense, decrease the offense level as follows:
> (a) If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.
> (b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels.
> In cases falling between (a) and (b), decrease by 3 levels.

"This section provides a range of adjustments for a defendant who plays a part in committing

the offense that makes him substantially less culpable than the average participant." U.S.S.G. § 3B1.2 cmt. n. 3(A). "The background commentary to this provision indicates that its application depends on the facts of a particular case." Brown, 250 F.3d at 819; see also U.S.S.G. § 3B1.2 cmt. n. 3. Application Note 5 explains that a "minor participant" is one who is "less culpable than most other participants, but whose role could not be described as minimal."

In addition to the Guidelines, our case law requires the consideration of a number of other factors in determining whether a defendant is entitled to an adjustment for "minor participation." In United States v. Headley, 923 F.2d 1079, 1084 (3d Cir. 1991), we held that a defendant's eligibility for "minor participant" status turned on whether his "involvement, knowledge and culpability" were materially less than those of other participants. We have explained that the district court should consider each of the following three factors in making this determination: (1) the defendant's awareness of the nature and scope of the criminal enterprise; (2) the nature of the defendant's relationship to the other participants; and (3) the importance of the defendant's actions to the success of the venture. See Isaza-Zapata, 148 F.3d at 239 (quoting Headley, 923 F.2d at 1084; United States v. Garcia, 920 F.2d 153, 155 (2d Cir. 1990)).

Hilliard argues that the District Court failed to consider the first two of the three Isaza-Zapata factors. He concedes, though, that the District Court properly considered the third factor. Hilliard does not challenge the factual findings of the District Court. Accordingly,

the only question in this case is whether the District Court considered the first and second Isaza-Zapata factors – the defendant's awareness of the nature and scope of the criminal enterprise, and the nature of the defendant's relationship to the other participants. 148 F.3d at 239.

There are several reasons to believe that the District Court properly considered these factors. First, Hilliard listed the Isaza-Zapata factors in his sentencing brief and made arguments with respect to each factor. Specifically with respect to the first two factors, Hilliard argued that he agreed to deposit the check after he was assured that it was "good," that he believed the check to be legitimate, and that his relationship to Day and Calcano was that of a dupe. Hilliard repeated his arguments with respect to each factor during the sentencing hearing. We will assume that the District Court read Hilliard's sentencing brief and listened to counsel's arguments during the sentencing hearing. Accordingly, there is no doubt that the District Court was aware of the three Isaza-Zapata factors and Hilliard's arguments with respect to each.

The District Court's comments during the sentencing hearing reveal not only awareness of each factor, but consideration of each as well. Regarding Hilliard's knowledge of the nature and scope of the criminal enterprise, the District Court disavowed Hilliard's claim that he thought that the check was legitimate by stating: "Well, if I'm working $10 an hour and someone says, here's a check for $175,000, unless it was the Lord Jesus Christ, I'm going to have a lot of questions about it." (App., p. 34) With respect to Hilliard's

relationship to the other criminal participants, the District Court stated that "the unwitting dupe is not a particularly attractive argument with Mr. Hilliard." (App., p. 37) Based on these comments, we have no doubt that the District Court properly considered the first two Isaza-Zapata factors, in addition to the third, in denying Hilliard's request for a "minor participant" downward adjustment.[1] Accordingly, we will affirm the District Court's judgment.

TO THE CLERK OF THE COURT:

       Kindly file the foregoing Opinion.

/s/ Julio M. Fuentes
Circuit Judge

---

[1]Although Hilliard has not challenged the District Court's factual findings, we would just note that the District Court's findings with respect to the first two factors are not clearly erroneous. They are supported by evidence in the PSR and Hilliard's own statements.