

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-16-2007

# USA v. Brenner

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3490

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Brenner" (2007). *2007 Decisions.* Paper 761.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/761

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-3490

UNITED STATES OF AMERICA

v.

DAVID BRENNER,

Appellant

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 04-cr-00303)
District Judge: Honorable Christopher C. Conner

Submitted Under Third Circuit LAR 34.1(a)
July 12, 2007

Before: RENDELL, AMBRO and NYGAARD, Circuit Judges

(Opinion filed: July 16, 2007)

OPINION

AMBRO, Circuit Judge

David Brenner appeals his 21-month sentence for bank fraud on the ground that

the District Court improperly refused to reduce his total offense level by two levels for

playing a "minor role" in a bank fraud conspiracy.[1]  We see no error in the District

Court's judgment and therefore affirm.

Because we write only for the parties, we relate only the facts necessary for our

disposition.  Brenner pled guilty to one count of conspiracy to commit theft of United

States mail and bank fraud under 18 U.S.C. § 371.  According to uncontested portions of

the Presentence Report, the conspirators stole credit cards from the mail, used those cards

to make cash withdrawals from banks, and delivered the money to others.  In order to

make a withdrawal, someone had to go into the bank with the card and a fake ID.  We

know of three members of the conspiracy: (1) the ringleader, who went by the name of

Charles, (2) Brenner, and (3) an unnamed female co-conspirator.  Numerous details are

unclear, including whether there were members higher up than Charles and to whom the

conspirators delivered the money.  Brenner admits to performing the following tasks: (1)

driving Charles and the other co-conspirator to the banks and to drop-off locations, (2)

aiding the production of fake IDs, and (3) using fake IDs to go into various bank branches

and make withdrawals.  Charles stole the credit cards from the mail, and the other co-

conspirator, like Brenner, made withdrawals from banks.  Over the course of the

conspiracy, Brenner made ten withdrawals and attempted one other (during which he was

---

[1] We have jurisdiction to review a judgment of sentence under 18 U.S.C. § 3742(a)(1).
We review the facts underlying the District Court's decision not to apply a minimal or
minor-role reduction for clear error and its legal conclusions *de novo*.  *United States v.
Bierley*, 922 F.2d 1061, 1064 (3d Cir. 1990).

arrested) for a total loss amount of $48,900. He did not share in the proceeds; rather, he was paid fees for his assistance.

At sentencing, Brenner argued that the District Court should find that he played either a minimal or minor role in the conspiracy under U.S.S.G. § 3B1.2. This section provides that a district court should decrease a defendant's total offense level by four levels if the defendant was a minimal participant in the criminal activity, two if a minor participant, and three if in between. *Id.* "This section provides a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant." *Id.* at Application Note 3(A). The minimal-participant reduction

> is intended to cover defendants who are plainly among the least culpable of those involved in the conduct of a group. Under this provision, the defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant. It is intended that the downward adjustment for a minimal participant will be used infrequently.

*Id.* at Application Note 4. The minor-participant reduction "applies to a defendant . . . who is less culpable than most other participants, but whose role could not be described as minimal." *Id.* at Application Note 5. The defendant bears the burden of proving the facts necessary to apply any of these reductions. *United States v. Isaza-Zapata*, 148 F.3d 236, 240 (3d Cir. 1998) (citations omitted).

Brenner argued that he should receive a reduction because he (1) performed only menial tasks, like driving the conspirators; (2) did not know the full scope of the

3

conspiracy; (3) did not share in any of the proceeds, and (4) did not know that he was doing anything wrong because Charles assured him that everything they did was legal. The District Court rejected all four arguments. It found that Brenner's work was integral to the conspiracy, as he acquired fake IDs and made eleven fraudulent withdrawals. The Court could not determine how much Brenner knew about the conspiracy because it refused to credit his testimony on that issue. Essentially, Brenner testified that he was unwittingly lured into participating in a criminal enterprise of which he knew nothing. Charles, he said, told him that they were legally distributing money for a record label, and he believed it. As the Court noted, however, this story is patently incredible, as anyone of reasonable intelligence would know that using fake IDs and credit cards not registered to him to make withdrawals from banks, and then dropping off the money at various places, is not common practice in any legitimate industry. Thus, the Court could not credit his testimony that he knew nothing of the overall enterprise. Moreover, Brenner was only charged with the 11 withdrawals he actually made, so his participation in the conspiracy charged (irrespective of whether some larger conspiracy existed) was significant.

We see no error in the District Court's reasoning. To qualify for a reduction, Brenner must have proved that his participation was "substantially less culpable than the average participant." U.S.S.G. § 3B1.2 Application Note 3(A). Moreover, whether this description applies is largely a question of fact. *Id.* Application Note 3(C). To repeat, the Court was aware of three participants: Charles, Brenner, and the female co-conspirator

4

whose job was much the same was Brenner's (making withdrawals using fake IDs).

While Brenner was less culpable than Charles, he was at least as culpable as the other co-conspirator. The mere fact that a participant is not a ringleader does not qualify him for a minor-role reduction. *United States v. Walker*, 1 F.3d 423, 428 (6th Cir. 1993). Rather, the reduction is reserved for participants less culpable than the typical conspirator. Rank-and-file conspirators receive neither a minor-role reduction nor an aggravating-role enhancement. *See* U.S.S.G. § 3B1.2 Application Note 3(A); *see also* U.S.S.G. § 3B1.1 (providing enhancements for organizers, leaders, and managers of conspiracies). Here, the District Court found that Brenner failed to prove that his role was any less than rank-and-file, and we see no error in that finding, particularly as the only relevant evidence—Brenner's testimony—could not be credited.

Because the District Court properly refused to apply a minimal or minor-role reduction in its calculation of Brenner's total offense level, we affirm the judgment of sentence.