

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-26-2009

# USA v. Santos-Almonte

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4520

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Santos-Almonte" (2009). *2009 Decisions*. Paper 1690.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1690

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 07-4520

———————

UNITED STATES OF AMERICA

v.

FELIX SANTOS-ALMONTE,
                    Appellant

———————

On Appeal from the United States District Court
for the District of Delaware
(D.C. Crim. No. 07-00045-04)
Honorable Sue L. Robinson, District Judge

———————

Submitted under Third Circuit LAR 34.1(a)
March 5, 2009

BEFORE:  BARRY and GREENBERG, Circuit Judges,
and ACKERMAN, District Judge*

(Filed: March 26, 2009)

———————

OPINION OF THE COURT

———————

GREENBERG, Circuit Judge.

———————

*The Honorable Harold A. Ackerman, Senior Judge of the United States District Court
for the District of New Jersey, sitting by designation.

This matter comes on before the Court on Felix Santos-Almonte's appeal from the sentence component of a judgment of conviction and sentence entered on November 20, 2007, following his plea of guilty to two counts of an indictment arising from cocaine offenses. One count charged Santos-Almonte with conspiracy to possess with the intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1) and (b)(1)(B), and the other count charged him with attempted possession with the intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1) and (b)(1)(B). The District Court, after concluding that Santos-Almonte had a criminal history category of I and a total offense level of 23, determined that his guidelines range was 46 to 57 months. The offense level took into account a 3-level downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and (b) and a 2-level downward adjustment by reason of Santos-Almonte's minor participant role pursuant to U.S.S.G. § 3B1.2(b). Santos-Almonte, however, sought both a variance and a departure from the guideline range, but the District Court, in determinations that Santos-Almonte does not challenge on this appeal, rejected these requests and imposed concurrent 46-month custodial sentences to be followed by concurrent four-year terms of supervised release on each of the two counts. On this appeal Santos-Almonte challenges the District Court's refusal to decrease his offense level by 4 levels under U.S.S.G § 3B1.2(a) rather than 2 levels on the basis of his contention that his role in the offenses was that of a minimal rather than minor

participant.

The District Court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1). The Government contends that we review the District Court's determination that Santos-Almonte was a minor as opposed to a minimal participant on a clear error standard as the Court predicated its determination on a factual basis. See United States v. Carr, 25 F.3d 1194, 1207 (3d Cir. 1994). On the other hand, Santos-Almonte contends that his "role in the offense involves both a legal interpretation of the Sentencing Guidelines and factual determinations," appellant's br. at 13, and that "a mixed standard of review is employed," id., meaning plenary review of the legal component and clear error review of the factual component of the review. See United States v. Isaza-Zapata, 148 F.3d 236, 237 (3d Cir. 1998).

Regardless of which standard of review is applicable, we will affirm. We agree with the Government's description of the case:

> Defendant was not simply a one-time drug courier without any appreciation for the scope of the overall drug conspiracy. Rather, over a ten-month period, defendant helped facilitate cocaine deliveries in FedEx packages to particular addresses in Southern Delaware. He also transported large quantities of cocaine on multiple occasions, and he sent large amounts of United States currency via FedEx to his co-conspirator's drug source in Laredo, Texas.

Appellee's br. at 11.

In these circumstances Santos-Almonte's role in the offenses, whether viewed

3

from a factual or legal perspective, cannot be regarded as minimal even though other persons may have played a larger role in the conspiracy. Indeed, it appears that the District Court's treatment of Santos-Almonte's role as minor was, if anything, generous to him.

The judgment of conviction and sentences entered November 20, 2007, will be affirmed.