NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos.  09-2555 & 09-2556

UNITED STATES OF AMERICA

v.

JAZON DUSSAN,
                          Appellant

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action Nos. 2-08-cr-00061-001/2-08-cr-00753-001)
District Judge: Honorable Legrome D. Davis

Argued April 19, 2010

Before: SCIRICA, Chief Judge, AMBRO, and ALARCÓN[*], Circuit Judges

(Opinion filed: April 30, 2010)

Robert Epstein (Argued)
Assistant Federal Defender
Defender Association of Philadelphia
601 Walnut Street
The Curtis Center, Suite 540 West
Philadelphia PA 19106-0000
                          Counsel for Appellant

_____

[*] Honorable Arthur L. Alarcón, Senior United States Circuit Judge for the Ninth Circuit
Court of Appeals, sitting by designation.

Karen L. Newton (Argued)
Assistant United States Attorney
Leo R. Tsao, Esquire
Office of the United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA  19106

Counsel for Appellee

———————————

OPINION

———————————

AMBRO, Circuit Judge

Jazon Dussan appeals his within-Guidelines sentence for counterfeit currency charges (in violation of 18 U.S.C. §§ 371 and 473), and a drug conspiracy charge (in violation of 21 U.S.C. § 846).[1]  He argues that his sentence is procedurally unreasonable because the District Court denied him downward adjustments for his acceptance of responsibility and minor role in the drug conspiracy, and did not sufficiently consider his sentencing arguments or adequately state the reasons for its sentence.  For the reasons that follow, we vacate and remand for resentencing.

I.

In May 2008, Dussan pled guilty to five counts of dealing in counterfeit United States currency and one count of conspiracy to deal in counterfeit currency.  While on bail

———————————

[1]  The District Court had jurisdiction under 18 U.S.C. § 3231.  We have appellate jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

awaiting sentencing, Dussan was arrested and indicted on one count of conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin and 500 grams or more of cocaine. He pled guilty to this indictment as well. At Dussan's request, the counterfeiting and drug conspiracy cases were consolidated for sentencing.

At sentencing, the Court denied Dussan's requests for an acceptance-of-responsibility downward adjustment and a minor-role downward adjustment. Without these adjustments, Dussan's offense level was 30. With a criminal history category of I, Dussan's Guideline range was 97-121 months. After hearing testimony from Dussan's family members and friends, and from Dussan himself, the Court sentenced Dussan to 100 months' imprisonment.

II.

We review the factual findings supporting a district court's application of the Sentencing Guidelines for clear error, and we exercise plenary review over its interpretation of the Guidelines. *United States v. Grier*, 475 F.3d 556, 570 (3d Cir. 2007) (*en banc*).

A.      Minor Role Adjustment

Turning first to the minor role adjustment, the District Court did not clearly err in denying Dussan's request for a minor role adjustment on the drug conspiracy charge. Section 3B1.2 of the Sentencing Guidelines provides for a two-level reduction in offense

3

level if the defendant was a "minor participant" in the criminal activity. U.S. Sentencing Guidelines Manual § 3B1.2 (2008). A minor participant is one "who is less culpable than most other participants, but whose role could not be described as minimal." *Id.* § 3B1.2 cmt. n. 5. We have set out the following factors for evaluating the appropriateness of a role adjustment: "(1) the defendant's awareness of the nature and scope of the criminal enterprise; (2) the nature of the defendant's relationship to the other participants; and (3) the importance of the defendant's actions to the success of the venture." *United States v. Brown*, 250 F.3d 811, 819 (3d Cir. 2001) (*citing United States v. Headley*, 923 F.2d 1079, 1084 (3d Cir. 1991)). The sentencing court is afforded broad discretion in the application of this section, which is "heavily dependent on the facts of a particular case." *United States v. Isaza-Zapata*, 148 F.3d 236, 238 (3d Cir. 1998).

At sentencing, the District Court heard arguments from the Government and Dussan's counsel as to whether a minor-role downward adjustment was warranted. In denying the adjustment, the Court discussed Dussan's extensive involvement in the drug conspiracy: Dussan was in direct communication with the crewmen importing the drugs on a ship, made arrangements to pick up the drugs from the pier, traveled to Newark, New Jersey to do so, and enlisted and directed another individual to assist him. Dussan was a key player, and instrumental in organizing and effecting the drug conspiracy. Hence the Court did not err (let alone clearly err) in denying Dussan's request for a minor-role adjustment.

B.      Acceptance of Responsibility Adjustment

Dussan next asserts that the District Court committed legal error in denying him a downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1.  He argues that it did not consider the totality of the circumstances, but instead improperly assumed Dussan was ineligible for the adjustment.

Though a defendant's "voluntary termination or withdrawal from criminal conduct or associations" is an appropriate consideration in determining whether a defendant has accepted responsibility, U.S.S.G. § 3E1.1 cmt. n. 1(b), it is only one relevant factor (albeit an important one).  We cannot determine from this record whether the Court considered the totality of the circumstances, or committed an error of law by concluding that Dussan was ineligible for the adjustment because he committed a crime while on bail awaiting sentencing.  *See United States v. McDowell*, 888 F.2d 285, 293 n.2 (3d Cir. 1989) ("The trial judge has the obligation to assess the totality of the situation in determining whether the defendant accepted responsibility.  This includes not only what plea the defendant offered, but also whether the defendant exhibited remorse, whether he evaded capture, and many other factors.").  The Presentence Investigation Report incorrectly stated that Dussan was "ineligible" for the adjustment, and the Court stated at sentencing that "the Probation Department has got it exactly right," which seems to indicate the Court agreed Dussan was "ineligible."  (App. at 115.)  Similarly, the Court appeared to agree with the Government's statement that Dussan "no longer qualifie[d]" for the adjustment.  (App. at 111.)  On the

5

other hand, the Government argues that the Court properly considered the totality of the circumstances, pointing to its statements (1) that "many Judges reject acceptance of responsibility" based on a defendant's conduct while on release, and (2) denying the adjustment was "fair treatment." (App. at 110, 115.)

Both interpretations of the record are plausible, and if the Court's denial of the adjustment were based on its assessment of the totality of the circumstances, we likely would affirm.[2] Indeed, the Court may very well reach the same conclusion (and impose the same sentence) on remand. However, as we need more information to conduct our review, we vacate and remand for resentencing.[3]

---

[2] As the District Court correctly recognized, the acceptance-of-responsibility determination is made after the offenses are combined. *See United States v. Cohen*, 171 F.3d 796 (3d Cir. 1999) ("[M]ultiple counts of conviction must be grouped before an adjustment can be made for acceptance of responsibility . . . ."); *McDowell*, 888 F.2d at 293 ("[T]he Guidelines specify that [the acceptance-of-responsibility] adjustment should be made only after the counts are combined."). In other words, the Court could not make separate acceptance-of-responsibility determinations for the counterfeiting charges and the drug conspiracy charge.

[3] Dussan also argues that the Court did not sufficiently explain its sentence and failed to acknowledge two of his arguments in support of a downward variance. One of those arguments—Dussan's alleged cocaine abuse—has no factual basis in the record other than defense counsel's uncorroborated assertion. Without more, the Court was not obligated to address this argument. It may wish to address Dussan's other argument—his attempt to assist authorities—at resentencing.

As to the Court's explanation of its sentence, its meaningful consideration of Dussan's case is shown by its thoughtful questioning of the witnesses and Dussan, as well as its statements throughout the sentencing hearing. However, further explanation on remand of its consideration of the § 3553(a) factors will ease our reasonableness review.

6