**UNITED STATES of America,**
**Plaintiff–Appellee**

**v.**

**Jose CORTEZ, Defendant–Appellant.**

**No. 10–40494**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

March 15, 2011.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

**316**

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

John Riley Friesell, Houston, TX, for Defendant–Appellant.

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM: *

Jose Cortez pleaded guilty pursuant to a written plea agreement to possession with intent to distribute 34.67 kilograms of cocaine and was sentenced to 125 months in prison. On appeal, Cortez argues that the district court committed erred by not reducing his offense level by two levels pursuant to § 3B1.2 due to his minor role in the offense.

Cortez argues under *United States v. Isaza–Zapata,* 148 F.3d 236, 237 (3rd Cir.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

1998), that the district court misapplied the Sentencing Guidelines by rejecting the minor-role reduction because he was a mule without engaging in an "analysis of the defendant's relative culpability to other participants" in the offense. Cortez's reliance on *Isaza–Zapata* is misplaced because it does not reflect this circuit's binding precedent regarding the showing required for a minor-role reduction. In this circuit, it is not sufficient for a defendant to show that he was less involved than other participants; rather, he must show that he was "peripheral to the advancement of the criminal activity." *United States v. Martinez–Larraga,* 517 F.3d 258, 272 (5th Cir.2008).

The district court's denial of a reduction for a mitigating role is a factual determination that is reviewed for clear error. *United States v. Villanueva,* 408 F.3d 193, 203 (5th Cir.2005). In *Villanueva,* this court noted that a defendant can be eligible for a mitigating role adjustment even when sentenced only on the basis of his own conduct if the defendant was substantially less culpable than the average participant; the court also ruled, however, that the district court did not clearly err in finding that the defendant did not qualify for the minor role adjustment because his contribution to the illegal activity was not clearly "peripheral." *Id.* at 204. As Cortez did not prove by a preponderance of the evidence that his role in the offense was peripheral, the district court did not clearly err by not awarding him a minor role adjustment. *See Villanueva,* 408 F.3d at 203–04 & n. 9.

AFFIRMED.

the limited circumstances set forth in 5TH CIR. R. 47.5.4.