NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2763
_____

UNITED STATES OF AMERICA

v.

MARIO SAMANIEGO,
                    Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-06-cr-00582-009)
District Judge:  Honorable Thomas M. Golden
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 15, 2011

Before:  SLOVITER, FUENTES and FISHER, *Circuit Judges*.

(Filed: July 22, 2011)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Mario Samaniego[1] appeals from the District Court's final judgment of sentence on

six felony drug charges.  On appeal, Samaniego contends that he was entitled to a

---

[1] We note that Samaniego's true name is Reymundo Garcia.

decrease in offense level based on his minor role in the offense. For the reasons stated below, we will affirm.

I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

The Ortega Drug Trafficking Organization ("Ortega DTO") is a criminal organization based in Chester County, Pennsylvania. Since at least 2002, the Ortega DTO has been involved in the distribution and trafficking of methamphetamine and cocaine, bringing drugs from Mexico and California to be sold in Pennsylvania. In September 2006, investigators intercepted a delivery and arrested several members of the conspiracy, including Samaniego. Samaniego, who is a commercial truck driver by trade, transported a large shipment of drugs hidden inside a pre-packed tractor-trailer wheel from California to Pennsylvania. He was paid $300.00 for his participation in the conspiracy. Investigators recovered 31 kilograms of cocaine and 22 pounds of methamphetamine from the tractor-trailer wheel.

In the fifty-count, multi-defendant indictment, Samaniego was charged with six counts: one count of conspiracy to distribute 50 grams or more of methamphetamine and 5 kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1); one count of distribution of 50 grams or more of methamphetamine and aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 18 U.S.C. § 2; one count of

distribution of 5 kilograms or more of cocaine and aiding and abetting, in violation of 21

U.S.C. §§ 841(a)(1), (b)(1)(A) and 18 U.S.C. § 2; and three counts of unlawful use of a

communication facility in the commission or facilitation of a felony drug offence, in

violation of 21 U.S.C. § 843(b).

In 2007, Samaniego pled guilty to these six charges. Samaniego subsequently

attempted to withdraw his guilty plea, but the motion was denied. In June 2010, the

District Court conducted a sentencing hearing. After addressing objections to the

Presentence Report, the District Court assigned Samaniego a base offense level of 38,

with a criminal history category of III. It refused to grant Samaniego an offense-level

reduction under § 3B1.2 of the Sentencing Guidelines, finding that he had not shown

himself to be a minor participant in the 2006 trafficking conspiracy.[2] However, after

reviewing the § 3553(a) sentencing factors of record, the District Court elected to give

Samaniego a downward variance of 52 months, imposing a below-Guidelines sentence of

240 months' imprisonment for each of the first three counts and 48 months' for each of

the final three counts, all to run concurrently. Samaniego timely appealed.

---

[2] The District Court also declined to grant an offense-level reduction based on acceptance of responsibility because Samaniego had previously attempted to withdraw his guilty plea. (App. at 260.)

## II.

The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

We "must sustain the District Court's factual findings as to a § 3B1.2 minimal or minor role adjustment unless those findings are clearly erroneous." *United States v. Perez*, 280 F.3d 318, 351 (3d Cir. 2002). Because the District Court's determination is "heavily dependent upon the facts of the particular case," § 3B1.2, cmt. n. 3(C), "district courts are allowed broad discretion in applying this section." *United States v. Isaza-Zapata*, 148 F.3d 236, 238 (3d Cir. 1998). The defendant bears the burden of demonstrating that his role in the offense makes him "substantially less culpable than the average participant." U.S.S.G. § 3B1.2 cmt. n. 3(A); *Isaza-Zapata*, 148 F.3d at 240. We will reverse only if we are "left with the definite and firm conviction that a mistake has been committed." *United States v. Grier*, 475 F.3d 556, 570 (3d Cir. 2007) (en banc) (internal quotation marks and citations omitted).

## III.

Samaniego asserts that his limited role as a courier for the drugs, or "a mere mule," entitled him to a minor role reduction pursuant to § 3B1.2. Section 3B1.2 provides for a four-level decrease in offense level if a defendant was a "minimal participant" in an offense, a two-level decrease if he was a "minor participant," and a three-level decrease if he falls between. A defendant is a "minimal participant" if he is "plainly among the least culpable of those involved in the conduct of a group." § 3B1.2,

cmt. n. 4. A minor participant is one "who is less culpable than most other participants, but whose role could not be described as minimal." *Id.* at cmt. n. 5.

A defendant's eligibility for an offense level reduction turns on several factors: "(1) the defendant's awareness of the nature and scope of the criminal enterprise; (2) the nature of the defendant's relationship to the other participants; and (3) the importance of the defendant's actions to the success of the venture." *United States v. Brown*, 250 F.3d 811, 819 (3d Cir. 2001). Samaniego argues that he is entitled to a decrease in offense level because his guilt was based on one act of drug distribution with little knowledge of the transaction's details. However, "[t]he fact that a defendant's participation in a drug operation was limited to that of courier is not alone indicative of a minor or minimal role." *United States v. Headley*, 923 F.2d 1079, 1084 (3d Cir. 1991). After reviewing the record, we are satisfied that the District Court did not commit clear error.

At a minimum, Samaniego knew that the Ortega DTO was involved in selling and distributing drugs and that his job was to transport a drug shipment from California. Moreover, Samaniego's role in transporting the drugs to Pennsylvania was crucial to the success of the conspiracy. The importance of his role is highlighted by the sheer quantity and value of drugs he was delivering and the distance he had to travel in order to deliver them. Furthermore, given his confessed awareness that the tractor-trailer wheel he was transporting contained drugs, the claim that Samaniego never actually examined the tire does not diminish his culpability. Based on these facts, the District Court did not clearly

err in concluding Samaniego was a "key participant" in the conspiracy and did not deserve a decrease in his offense level based on a minor or minimal role.[3] (App. at 14.)

## IV.

For the foregoing reasons, we will affirm the District Court's judgment of sentence.

---

[3] Samaniego also appears to argue that his sentence was procedurally unreasonable because the District Court did not grant the § 3B1.2 offense-level reduction. Generally, we apply an abuse-of-discretion standard and review a sentence for reasonableness, which requires that the sentence be both procedurally sound and substantively reasonable. *United States v. Wise*, 515 F.3d 207, 217-18 (3d Cir. 2008). Because we conclude that the District Court did not commit clear error in denying the offense-level reduction, we also conclude that the sentence was procedurally sound.