

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-23-2004

# USA v. Vaden

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1316

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Vaden" (2004). *2004 Decisions.* Paper 38.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/38

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-1316
_____

UNITED STATES OF AMERICA

v.

MICHAEL VADEN,
                                    Appellant.

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(Crim. No. 03-CR-00055-2)
District Judge: Honorable Sylvia H. Rambo

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
December 16, 2004
_____

Before: NYGAARD and GARTH, <u>Circuit</u> <u>Judges</u>, and POLLAK, <u>District</u> <u>Judge</u>[*]

(Opinion Filed: December 23, 2004)
_____

OPINION
_____

---

[*] The Honorable Louis H. Pollak, United States District Court for the Eastern District of Pennsylvania sitting by designation.

Garth, <u>Circuit</u> <u>Judge</u>:

Michael Vaden pleaded guilty to one count of conspiracy to distribute five grams or more of crack cocaine in violation of 21 U.S.C. § 846. In determining Vaden's sentence, the District Court denied his request for a "minor participant" downward adjustment under U.S.S.G. § 3B1.2(b). On appeal, Vaden argues that the District Court erred in determining his sentence because he was less culpable than his co-defendant. Because we find no clear error, we will affirm.

We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We employ a mixed standard of review when considering whether a defendant is entitled to a minor role adjustment. *See United States v. Isaza-Zapata*, 148 F.3d 236, 237 (3d Cir. 1998). When the District Court's denial was based primarily on legal interpretation of the Sentencing Guidelines, this Court's review is plenary. *See id.* If the District Court's denial was based on factual determinations, this Court reviews only for clear error. *See id.*

Because we write primarily for the parties, we will only briefly set forth the facts relevant to the issue in this case. From July 2002 through February 2003, Marc Corbin, Vaden's co-conspirator, received approximately 4.5 ounces of crack cocaine and one ounce of powder cocaine twice a week from a supplier. Corbin used middle men, including Vaden, to distribute crack cocaine to his customers. According to Vaden, he received no money, but rather was compensated with drugs for his part in the

2

transactions.

The conspiracy to which Vaden pled guilty ran from October 22, 2002 through January 22, 2003 – a subset of the larger drug conspiracy with which Corbin was charged. On each of those two dates, a confidential informant, working with the Drug Enforcement Administration, engaged in a controlled buy from Corbin through Vaden. On October 22, 2002, the confidential informant purchased 13.3 grams of crack cocaine. On January 22, 2003, the confidential informant purchased one ounce of crack cocaine.

I.

According to the Pre-Sentence Report, Vaden's base offense level was fixed at 34 based upon a determination that he was responsible for between 150 and 500 grams of crack cocaine. That calculation did not take into account the more than six kilograms of crack cocaine that Corbin, Vaden's co-conspirator, admitted that he distributed from July 2002 through February 2003.

Vaden objected to the Pre-Sentence Report's failure to grant him a "minor role" adjustment. In response, an addendum to the Pre-Sentence Report stated as follows:

> While Mr. Vaden was involved in a conspiracy, he is being held accountable only for the amounts of drugs he distributed in association with Marc Corbin . . . . According to the informant, the defendant brokered the distribution of ten ounces (about 283 grams) of the drug to him. The conspiracy involved three individuals, Marc Corbin, the defendant and the informant, and required the participation of each for the transactions to occur. Within the context of the offense conduct for which defendant is being held accountable, he would not appear to have a mitigating role.

On January 27, 2004, the District Court held a sentencing hearing at which Vaden

3

renewed his objection to the Pre-Sentence Report. Vaden testified that he had introduced the informant, a girlfriend of one of Vaden's friends, to Corbin. Because Corbin did not want to deal "hand to hand" with the informant, Corbin enlisted Vaden to act as the middle man for the transaction, receiving the money from the informant and delivering the drugs from Corbin to the informant.

At the hearing, Vaden argued that he was entitled to a minor role adjustment because although he admittedly made the connection between Corbin and the informant and brokered the transactions between them, Corbin used Vaden "strictly as a middleman." In denying Vaden's request, the District Court noted:

> This defendant was only charged with two transactions out of this whole conspiracy, with two. He has been charged in accordance with those two transactions in which he had direct involvement, and nothing more.
> A couldn't reach C without going through B in these transactions. . . .
> And he was an integral part of affecting those transactions. . . . [i]t couldn't have happened without him.

Appendix at 52.

The District Court sentenced Vaden to a term of 121 months imprisonment, four years supervised release, a $1,000 fine and a special assessment of $100. This timely appeal followed.

## II.

Section 3B1.2 of the Sentencing Guidelines provides for a two-level reduction in offense level if the defendant was a "minor participant" in the criminal activity. *See*

4

U.S.S.G. § 3B1.2. The guideline application notes state that "a minor participant means any participant who is less culpable than most other participants but whose role could not be described as minimal." U.S.S.G. § 3B1.2, Application Note 3.

A minor role adjustment is only available to a defendant involved in concerted criminal activity with other participants, whose role is minor in comparison to those other participants. *See Isaza-Zapata*, 148 F.3d at 238. In assessing eligibility for a minor role adjustment, this Court has recommended that the district court use the following three factors to determine the defendant's relative culpability:

> 1) the nature of the defendant's relationship to the other participants;
> 2) the importance of the defendant's actions to the success of the venture; and
> 3) the defendant's awareness of the nature and scope of the criminal enterprise.

*United States v. Headley*, 923 F.2d 1079 (3d Cir.1991). It is the defendant's burden to prove that he is entitled to the adjustment. *See Isaza-Zapata*, 148 F.3d at 240.

In addition, this Court has noted that:

> the mere fact that a defendant was less culpable than his co-defendants does not entitle the defendant to "minor participation" status as a matter of law ... If this were the case, then the least culpable member of any conspiracy would be a minor participant, regardless of the extent of that member's participation. We reject this approach because there are varying degrees of culpability present in virtually every criminal conspiracy.

*United States v. Brown*, 250 F.3d 811, 819 (3d Cir.2001) (internal citations omitted).

Here, despite Vaden's contention to the contrary, the District Court's determination that he did not play a minor role was primarily factual in nature. Therefore, we must

5

review it for clear error. A District Court does not commit clear error by failing to explicitly address the factors laid out in *Headley*. *See United States v. Carr*, 25 F.3d 1194, 1208 (3d Cir.1994).

On appeal, Vaden argues that although he may have been necessary to the transaction in that, as a middle man, the transaction could not have taken place without him, he was nonetheless less culpable than Corbin who both supplied the drugs and received the monetary profits. Vaden significantly underemphasizes his role in the drug conspiracy.

Vaden was not merely a necessary link in the physical completion of the drug transaction. Vaden admitted that he was the party responsible for bringing Corbin and the informant together. He had met Corbin because Corbin used an apartment next door to Vaden's home. In addition, Vaden had met the confidential informant several years before then at a halfway house. Thus, unlike a drug courier, who may not even know the various members of the larger drug conspiracy, Vaden was the only participant who had a personal relationship with his co-conspirators.

Furthermore, as the District Court found, Vaden was integral to the success of the venture. Vaden testified that on the occasion of each controlled buy, the confidential informant asked Vaden to procure cocaine, the confidential informant then arrived at Vaden's home and gave him money, at which point Vaden would call Corbin who would arrive at Vaden's home with the cocaine. Thus, Vaden did not merely act as the point of

6

exchange for the drugs and money. Rather, he was instrumental in effecting the drug conspiracy.

Accordingly, because the District Court's denial of a minor role reduction was not clearly erroneous, we will affirm the judgment of the District Court.