

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-15-2008

# USA v. Contreras-Saldana

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1313

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Contreras-Saldana" (2008). *2008 Decisions*. Paper 1586.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1586

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 07-1313

———

UNITED STATES OF AMERICA

v.

SANTIAGO CONTRERAS-SALDANA,
                                                    Appellant

———

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 06-cr-00165)
District Judge:  Hon. Sylvia H. Rambo

———

Submitted Under Third Circuit LAR 34.1(a)
February 11, 2008

Before:  SLOVITER, SMITH, and STAPLETON, Circuit Judges

(Filed February 15, 2008)

———

OPINION

———

SLOVITER, Circuit Judge.

Appellant Santiago Contreras-Saldana pled guilty to a two-count superseding felony information charging him with distribution and possession with intent to distribute five kilograms and more of cocaine hydrochloride, in violation of 21 U. S. C. § 841, and forfeiture of money and property seized in connection with his arrest. The plea agreement provided that the quantity of cocaine attributable to the defendant was between five and fifteen kilograms.

The District Court rejected Contreras-Saldana's argument at sentencing that his guideline offense level should be reduced based on his minor role in the criminal activity, stating:

> Well, I would only note that there was an agreement that the distribution amount was between 5 and 15 kilograms. I would also note that it appears that, on one occasion, they found $29,500.00 of currency in the vehicle, and that another $40,551.00 was found at an address attributed to him. Well, that sounds to me a little bit more than a courier.
> * * *
> Well, I will find that the amount of cocaine delivered in the time frame that was involved suggests that Defendant's conduct does not justify a mitigating role adjustment.

App. at 59, 61. Contreras-Saldana was then sentenced to a term of imprisonment of 70 months. This appeal followed.

## II.

Contreras-Saldana contends that the District Court committed clear error when it denied his request for a sentence reduction based on his minor role in the offense.

2

Because the District Court's decision was based on factual determinations, we review for clear error. See United States v. Zats, 298 F.3d 182, 185 (3d Cir. 2002).

The Sentencing Guidelines permit district courts to adjust downwardly defendants' offense level based on their role in committing the offense. See U.S. Sentencing Guidelines Manual § 3B1.2. Defendants have the burden of establishing that the minor role adjustment should apply. See United States v. Isaza-Zapata, 148 F.3d 236, 240 (3d Cir. 1998). We have stated that in the case of drug couriers, "district courts are allowed broad discretion in applying this section, and their rulings are left largely undisturbed by the courts of appeal." Id. at 238.

In United States v. Headley, 923 F.2d 1079, 1084 (3d Cir. 1991), we outlined the factors to be considered in determining whether a drug courier is a minor or minimal participant within the meaning of Section 3B1.2. These factors include "the nature of the defendant's relationship to other participants, the importance of the defendant's actions to the success of the venture, and the defendant's awareness of the nature and scope of the criminal enterprise." Id. (citation and quotation marks omitted).

After examining these factors, we cannot say that the District Court erred in denying Contreras-Saldana's request. Contreras-Saldana had made repeated drug deliveries over a period of at least three months. He had delivered between five and fifteen kilograms, and the authorities recovered a significant amount of money that he had retained in connection with these transactions.

3

The government proffered evidence that the confidential informant stated that he had purchased drugs from Contreras-Saldana for a three-month period and that Contreras-Saldana collected the proceeds from each of these cocaine transactions. The approximately $29,000 discovered in the truck driven by and registered to Contreras-Saldana, as well as the approximately $40,000 discovered at the address listed on his driver's license, support this statement.

Together, these facts suggest that Contreras-Saldana's conduct was not an insignificant factor in the success of the drug distribution network. Drug couriers are essential to the operation of a drug conspiracy. Moreover, Contreras-Saldana's retention of substantial funds suggests that he did more than merely deliver drugs to a buyer and return the funds received to the seller. The facts on record demonstrate his awareness of the nature and scope of the drug organization, one of the factors we stated in Headley that distinguishes a minor participant from one that has more involvement. Accordingly, we see no error in the District Court's finding.

For the reasons set forth, we will affirm the judgment of sentence.