UNITED STATES of America

v.

**Carlos CUELLAR, Appellant.**

No. 06–3631.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) April 15, 2008.

Filed: April 16, 2008.

George S. Leone, Office Of United States Attorney, Newark, NJ, Glenn J. Moramarco, Office of United States Attorney Camden Federal Building & Courthouse, Camden, NJ, for United States of America.

Jerald Levine, Jackson Heights, NY, for Appellant.

Before: SLOVITER, JORDAN, and ALARCÓN *, Circuit Judges.

## OPINION OF THE COURT

JORDAN, Circuit Judge.

### I. Background

Carlos Cuellar pled guilty to a one-count information that charged him with conspir-

---

\* Honorable Arthur L. Alarcón, Senior Circuit Judge of the Ninth Circuit Court of Appeals sitting by designation.

ing to launder in excess of $1,000,000 in proceeds of illegal narcotics activity, in violation of 18 U.S.C. § 1956(h). The District Court subsequently held a sentencing hearing at which it resolved disputes concerning the application of the United States Sentencing Guidelines in the case. Cuellar sought a two-level downward adjustment to his Guidelines offense level based on what he argued was his minor role in the offense. The Court, however, took a decidedly different view of his role and denied the application, saying,

> This man is in the core of the money laundering operation. He's the key focal point, the funnel through which the money goes.... He and his brother are both getting one percent of the proceeds ..., which is not chump change. In short, by no standard is Mr. Cuellar's role in this minor.

(App. at 110.)

The District Court sentenced Cuellar to 98 months imprisonment, three years of supervised release, a fine of $5,000, and a $100 special assessment. The prison time was essentially in the middle of the advisory Guideline range of 87 months to 108 months to which Cuellar was exposed because of his criminal history score and offense level. Cuellar timely filed this appeal, challenging the District Court's refusal to categorize him as having played a minor role in the money laundering conspiracy. We will affirm.

## II.   Discussion [1]

Section 3B1.2 of the Guidelines states that, "[i]f the defendant was a minor participant in any criminal activity," then the sentencing court should "decrease [the applicable offense level] by 2 levels." Whether a defendant was a minor participant in the offense of conviction is a fact specific inquiry as to which district courts are permitted broad discretion. *United States v. Rodriguez*, 342 F.3d 296, 300 n. 5 (3d Cir.2003). Nevertheless, we review the sentencing court's conclusion under a mixed standard of review. "We exercise plenary review where the district court's denial of a downward adjustment is based primarily on a legal interpretation of the Sentencing Guidelines. However, where the district court's decision rests on factual determinations, we review for clear error." *United States v. Isaza–Zapata*, 148 F.3d 236, 237 (3d Cir.1998) (internal citations omitted).

In this case, there is no significant dispute over what Cuellar did. The argument is over how to apply the Guidelines to the undisputed facts. We therefore disagree with the government's assertion that the applicable standard of review in this case is for clear error. Instead, we exercise plenary review, though we continue to acknowledge the discretion properly afforded the District Court in deciding what may and may not fairly be characterized as "minor." *Id.* at 238 ("The district courts are allowed broad discretion in applying this section [, i.e., § 3B1.2], and their rulings are left largely undisturbed by the courts of appeal.").

No matter how searching the standard of review, we see no error in the sentencing decision. Indeed, we agree with the District Court's observation that Cuellar held a uniquely important position in the conspiracy and was well-paid for it. His role cannot fairly be called "minor," as that term is used in the Guidelines.

Accordingly, we will affirm the judgement of conviction and sentence.

---

1.   The district court had jurisdiction pursuant to 18 U.S.C. § 3231; we exercise jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.