NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1708
_____

UNITED STATES OF AMERICA

v.

JAVIER GONZALEZ-SANDOVAL,
                                        Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
D.C. Criminal No. 2-07-cr-00756-005
(Honorable Dennis M. Cavanaugh)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 26, 2011

Before:  McKEE, *Chief Judge*, SCIRICA and RENDELL, *Circuit Judges*.

(Filed June 8, 2011 )
_____

OPINION OF THE COURT
_____

SCIRICA, *Circuit Judge*.

     Javier Gonzalez-Sandoval pleaded guilty to one count of intentional distribution of

more than five kilograms of cocaine knowing the substance would be unlawfully

imported into the United States. He was sentenced to seventy months' imprisonment. On

appeal, Gonzalez-Sandoval contends he was entitled to a decrease in offense level based on minor or minimal role. We will affirm.

I.

In March 2006, Gonzalez-Sandoval began working as a courier in a money laundering scheme operated by John Wilson Vasquez-Martinez. On April 28, 2006, acting on instructions from Faustino Tovar, Vasquez-Martinez's right hand man, Gonzalez-Sandoval delivered a suitcase containing approximately six kilograms of 93% pure cocaine to an individual in a hotel in Bogota, Colombia. He received $12,700 in payment, which he delivered to Tovar.

On September 17, 2007, a grand jury indicted Gonzalez-Sandoval, Vasquez-Martinez, and three co-defendants of eleven counts of various drug-related and money laundering offenses. Gonzalez-Sandoval was charged with a single count of intentional distribution of more than five kilograms of cocaine, knowing the cocaine would be unlawfully imported into the United States, in violation of 21 U.S.C. §§ 959 and 960(b)(1) and 18 U.S.C. § 2. On December 5, 2007, Colombian authorities arrested Gonzalez-Sandoval, and he was later extradited to the United States.

On August 10, 2009, Gonzalez-Sandoval pleaded guilty. In the plea agreement, Gonzalez-Sandoval stipulated he knew: 1) he was delivering approximately six kilograms of cocaine in exchange for payment, 2) the cocaine would be unlawfully imported into the United States, and 3) the cocaine would be transported to Newark, New Jersey. The District Court accepted Gonzalez-Sandoval's plea.

2

In a Presentence Report (PSR), the United States Probation Office recommended a base offense level of thirty two under U.S.S.G. § 2D1.1(c)(4) because Gonzalez-Sandoval delivered more than five and less than fifteen kilograms of cocaine. The PSR recommended a two-level reduction under the "safety valve" of U.S.S.G. §§ 5C1.2 and 2D1.1(b)(11) because Gonzalez-Sandoval had no criminal history points, did not threaten or use violence, did not cause injury in committing the offense, did not lead others or engage in a continuing criminal enterprise, and truthfully provided all information he possessed concerning the offenses. It recommended a further three-level reduction under U.S.S.G. § 3E1.1(a) and (b) for accepting responsibility. The PSR concluded no mitigating role adjustment was warranted under U.S.S.G. § 3B1.2 because the cocaine's purity and value indicated Gonzalez-Sandoval was a trusted conspirator, not a mere delivery "mule" who played a "minor" or "minimal" role in the offense.

The PSR recommended a total offense level of twenty seven which, combined with Gonzalez-Sandoval's lack of criminal history and safety valve reduction, resulted in an advisory sentencing guideline range of seventy to eighty seven months' imprisonment. The District Court, after hearing argument, determined a mitigating role adjustment was unwarranted, adopted the PSR without change, and sentenced Gonzalez-Sandoval to seventy months' imprisonment. Gonzalez-Sandoval timely appealed.[1]

II.

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

On appeal, Gonzalez-Sandoval contends the District Court erred in denying his request for a decrease in offense level based on minor or minimal role.[2] Section 3B1.2 of the United States Sentencing Commission's *Guidelines Manual* provides for a four-level decrease in offense level if Gonzalez-Sanchez was a "minimal participant" in an offense, a two-level decrease if he was a "minor participant," and a three-level decrease if he falls between. While a defendant is a "minimal participant" if "plainly among the least culpable of those involved in the conduct of a group," that classification applies "infrequently." U.S.S.G. § 3B1.2, cmt. n.4. A defendant is a "minor participant" if "less culpable than most other participants, but whose role [cannot] be described as minimal." U.S.S.G. § 3B1.2, cmt. n.5.

When applying these designations, "the culpability of a defendant courier must depend necessarily on such factors as the nature of the defendant's relationship to other participants, the importance of the defendant's actions to the success of the venture, and the defendant's awareness of the nature and scope of the criminal enterprise." *United States v. Headley*, 923 F.2d 1079, 1084 (3d Cir. 1991) (internal quotation marks omitted). "The court may also wish to consider the amount of money the courier [received] as an

---

[2] We "must sustain a district court's factual findings as to a § 3B1.2 minimal or minor role adjustment unless those findings are clearly erroneous." *United States v. Perez*, 280 F.3d 318, 351 (3d Cir. 2002). Because the District Court's determination is "heavily dependent upon the facts of a particular case," U.S.S.G. § 3B1.2, cmt. n.3(C), "district courts are allowed broad discretion in applying this section. *United States. v. Isaza-Zapata*, 148 F.3d 236, 238 (3d Cir. 1998). We will reverse only if we are "left with the definite and firm conviction that a mistake has been committed." *United States v. Grier*, 475 F.3d 556, 570 (3d Cir. 2007) (*en banc*) (internal quotation marks omitted).

indicator of the importance of the defendant's actions to the success of the venture." *United States v. Rodriguez*, 342 F.3d 296, 301 (3d Cir. 2003).

Gonzalez-Sandoval argues he is entitled to a decrease in his offense level because he is the least culpable of the indicted group and his guilt is based on one act of cocaine distribution with little knowledge of the transaction's details. However, "[t]he fact that a defendant's participation in a drug operation was limited to that of courier is not alone indicative of a minor or minimal role." *Headley*, 923 F.2d at 1084. As the Fifth Circuit has explained, "[a] courier who willingly undertakes illegal transit without asking many questions is especially valuable to a criminal organization. When police apprehend[] a studiously ignorant courier, the organization can rest comfortably, knowing that its other operations remain hidden from the law." *United States v. Buenrostro*, 868 F.2d 135, 138 (5th Cir. 1989).

Gonzalez-Sandoval executed an exchange of highly pure cocaine he knew was bound for the United States for a substantial sum of money. He understood the illegal nature of the transaction and had previously performed a similar role in Vasquez-Martinez's scheme. Based on these facts, the District Court concluded Gonzalez-Sandoval was "as culpable as the others." A74. The Court did not clearly err in concluding Gonzalez-Sandoval did not deserve a decrease in his offense level based on minor or minimal role.

III.

Accordingly, for the foregoing reasons, we will affirm the judgment of conviction and sentence.