NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2012
_____

UNITED STATES OF AMERICA,

v.

SEAN GRIFFIN, a/k/a "Kritical"

Sean Griffin,
            Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-15-cr-00214-003)
District Judge: Honorable Malachy E. Mannion
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 4, 2018

Before: HARDIMAN, KRAUSE, and BIBAS, *Circuit Judges*.

(Filed: September 12, 2018)
_____

OPINION[*]
_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Following a guilty plea, Sean Griffin was sentenced to 70 months in prison. Griffin appeals the District Court's judgment of sentence, claiming the Court committed clear error when it refused to grant him a two-level minor role adjustment under § 3B1.2 of the United States Sentencing Guidelines (USSG). We will affirm.

I[1]

Section 3B1.2 of the Guidelines "provides a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant." USSG § 3B1.2 cmt. 3(A) (2016). We have explained that "the determination of whether a defendant is entitled to a minor role adjustment is highly dependent on the facts of particular cases." *United States v. Isaza-Zapata*, 148 F.3d 236, 238 (3d Cir. 1998). "[D]istrict courts are allowed broad discretion in applying [the minor-participant adjustment], and their rulings are left largely undisturbed by the courts of appeal." *Id.*

II

Griffin pleaded guilty to drug conspiracy in violation of 21 U.S.C. § 846. Although he wasn't a leader of the conspiracy, multiple witnesses identified Griffin as a key distributor of heroin for the gang's operations in both Pennsylvania and Maine. He was second-in-command of one of the gang's local squads—a "four-star general," in the parlance of the conspiracy. App. 17. In explaining Griffin's sentence, the Court noted

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. This Court has jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

generally the destructive effects of the heroin sold by the conspiracy and emphasized that Griffin himself was responsible for 1000 to 4000 doses.

Griffin first argues that he was entitled to a minor role adjustment because he had no role in the conspiracy's sex trafficking, so his actions were less culpable than those of his co-defendants. This argument fails to persuade because Griffin was not sentenced, charged or otherwise held accountable for his co-conspirators' sex trafficking. In fact, the District Court specifically told Griffin that it had "tried to consider individually your circumstances as compared to everybody else's in your criminal conspiracy . . . in deciding what is an appropriate and fair sentence." App. 39. The District Court did just that, as evidenced by the following proportionate sentences: Griffin was sentenced to 70 months in prison, while Jose Velazquez, a leader of the gang who was held accountable for distributing a similar amount of heroin as Griffin, was sentenced to 210 months. Another gang leader, Sirvonn Taylor, will face a mandatory minimum sentence of 15 years for the sex trafficking conspiracy alone. Moreover, two other distributors, Ricquell Lindo and Stephon Davis, both of whom were held accountable for selling the same amount of heroin as Griffin, did not receive minor role reductions.

On this record, it was not clearly erroneous for the District Court to conclude that Griffin had failed to meet his burden of demonstrating by a preponderance of the evidence that he was "less culpable than most other participants in the criminal activity." USSG § 3B1.2 cmt. 5. That finding was reasonable even assuming that Griffin withdrew from the conspiracy in 2013, because he distributed large quantities of drugs throughout Maine and Pennsylvania, and his efforts were a vital part of the conspiracy's success.

3

Griffin also claims entitlement to a minor role adjustment because he was only 17 years old when he became involved in the conspiracy. Yet Griffin cites no case law to support this novel argument and nothing in § 3B1.2 suggests that an offender's age is relevant to calculating an offender's sentencing range. Rather, the Sentencing Commission has instructed district courts to consider a defendant's age (if at all) only "in determining whether a *departure* [from the calculated Guidelines range] is warranted." USSG § 5H1.1 (emphasis added).

For these reasons, we will affirm Griffin's judgment of sentence.