NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 19-2992

———————

UNITED STATES OF AMERICA

v.

DOUGLAS DEHAVEN,
                              Appellant

———————

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 3-18-cr-00168-001)
District Judge: Honorable James M. Munley

———————

Submitted Under Third Circuit L.A.R. 34.1(a)
May 26, 2020

Before: AMBRO, HARDIMAN, and RESTREPO, Circuit Judges

(Opinion filed: May 27, 2020)

———————

OPINION*

———————

AMBRO, Circuit Judge

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Douglas Dehaven asks us to vacate the judgment against him and remand for resentencing, arguing that the District Court clearly erred in sentencing him when it determined that he was not entitled to a mitigated-role reduction under U.S.S.G. § 3B1.2. We disagree and thus affirm.

In March 2018, federal agents began investigating Dehaven after learning he had purchased a substantial number of firearms in Monroe County, Pennsylvania. In an interview with the agents, Dehaven admitted to making 14 firearm purchases for a Pedro Quinones (called straw purchases) between January 5, 2018 and February 11, 2018. Quinones would give Dehaven, who had no criminal record and thus could lawfully purchase guns, money, which Dehaven would then use to purchase the firearms. After each purchase, Dehaven and Quinones would travel to Newark, New Jersey, where Quinones would trade the firearms to an individual in exchange for personal-use quantities of heroin for him and Dehaven.

Dehaven pled guilty to making false statements in connection with the acquisition of firearms from a federally licensed firearms dealer, and aiding and abetting that crime, in violation of 18 U.S.C. §§ 922(a)(6) and 2. The Probation Office determined that Dehaven had a Total Offense Level of 19 and a Criminal History Category of I, resulting in an advisory Guidelines range of 30 to 37 months' imprisonment. At the sentencing hearing, the District Court granted Dehaven a four-level downward departure under the Guidelines, resulting in a range of 18 to 24 months' imprisonment. Dehaven sought a further adjustment for a mitigated role in the offense and a downward variance from the

2

Guidelines range, both of which the Court denied. It ultimately imposed a sentence of 18 months' imprisonment. This appeal followed.

The United States Sentencing Guidelines provide a four-level offense reduction "[i]f the defendant was a minimal participant in any criminal activity," U.S.S.G. § 3B1.2(a), and a two-level reduction "[i]f the defendant was a minor participant in any criminal activity," *id.* § 3B1.2(b). A three-level reduction is appropriate for "cases falling between (a) and (b)." *Id.* § 3B1.2. "Minimal [p]articipant[s]" are "plainly among the least culpable of those involved in the conduct of a group," *id.* § 3B1.2 cmt. n.4, and a "[m]inor [p]articipant" is "a defendant . . . who is less culpable than most other participants in the criminal activity, but whose role could not be described as minimal," *id.* § 3B1.2 cmt. n.5. "Reduction is available for a defendant whose role in the offense makes [him] substantially less culpable than the average participant." *United States v. Brown*, 250 F.3d 811, 819 (3d Cir. 2001) (citation omitted).

District courts "are allowed broad discretion in applying this section, and their rulings are left largely undisturbed by the courts of appeal." *United States v. Isaza-Zapata*, 148 F.3d 236, 238 (3d Cir. 1998). In determining whether a role adjustment is warranted, courts should consider, among other factors, "(1) the defendant's awareness of the nature and scope of the criminal enterprise; (2) the nature of the defendant's relationship to the other participants; and (3) the importance of the defendant's actions to the success of the venture." *Brown*, 250 F.3d at 819 (citations omitted). *See also* U.S.S.G. § 3B1.2 cmt. n.3(C) (setting forth other factors).

3

Dehaven contends that the downward-role adjustment was warranted because he played at most a minor role in the offense. He argues that he was merely a "functionary," as he exercised no control or decisionmaking authority, nor did he understand the scope of the conspiracy; rather, Quinones planned, directed, and benefitted from the scheme. App. 84; *accord* Dehaven Br. 12–13. According to Dehaven, he was "simply being paid" to purchase guns, Dehaven Br. 13 (quoting U.S.S.G. § 3B1.2 cmt. n.3), and he was involved only because of his opioid addiction.

As Dehaven challenges only the District Court's factual determinations regarding his role adjustment, we review for clear error. *United States v. Richards*, 674 F.3d 215, 222 (3d Cir. 2012) (citing *United States v. Carr*, 25 F.3d 1194, 1207 (3d Cir. 1994)). After hearing arguments from both sides, the District Court here determined that Dehaven's role in the conspiracy was neither "minimal" nor "minor," but rather that he played "an integral part in the conduct of the crimes," App. 85. The Court determined that the scheme put the public at risk by placing fourteen guns on the street (and noting that only four had since been recovered), and it found that "[Dehaven] was in that . . . [he] w[as] dealing with the guns with Quinones . . . for [his] own personal use. [He] w[as] getting heroin out of the deal." App. 89–90. Accordingly, it determined that a downward adjustment for a mitigating role was not warranted.

The record supports the District Court's finding. Dehaven was aware of the nature of the activity—indeed, he purchased the fourteen firearms himself and then accompanied Quinones to Newark where they traded the guns to drug dealers for heroin. He worked closely with Quinones, taking money from him to purchase the firearms on

4

his behalf (and again, going with him to Newark to trade the firearms).  Finally, Dehaven's participation was critical to the success of the venture.  Quinones was barred from purchasing firearms and thus relied on Dehaven as part of this scheme to make the purchases on his behalf.  Moreover, Dehaven benefited from the scheme by receiving heroin.  In light of the *Brown* factors, his role in the straw-firearm purchases cannot be described as "minimal" or "minor."  Accordingly, the District Court did not clearly err in overruling Dehaven's request to reduce his offense level as a minimal/minor participant, and we affirm his sentence.