**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 24-1625

———————

UNITED STATES OF AMERICA

v.

RICKY SANCHEZ, a/k/a Rickie,
                                                    Appellant

———————

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1:21-cr-00083-003)
District Judge:  Honorable Jennifer P. Wilson

———————

Submitted under Third Circuit L.A.R. 34.1(a)
on January 31, 2025

Before:  KRAUSE, PORTER and ROTH, *Circuit Judges*

(Opinion filed: June 6, 2025)

———————

OPINION[*]

———————

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

ROTH, *Circuit Judge.*

Ricky Sanchez pleaded guilty to conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846. The District Court applied a two-level minor role reduction and sentenced Sanchez to a below-guidelines sentence of thirty-six months' imprisonment. Sanchez appealed and argues that the court erred by denying him a four-level minimal participant decrease. We find no error in the District Court's judgment of sentence. Accordingly, we will affirm it.

## I.    Background[1]

From February to October 2019, Sanchez received six parcels at his home on behalf of a drug-trafficking organization (DTO). Each parcel contained between one and two kilograms of cocaine. For Sanchez's role, the DTO paid him a total of $2400. In 2021, a grand jury indicted Sanchez and six codefendants on one count of conspiracy to distribute controlled substances. Sanchez pleaded guilty and admitted to having received between five and fifteen kilograms of cocaine. In the plea agreement, Sanchez agreed to a base offense level of thirty.

At sentencing, the District Court adopted the plea agreement's recommended base offense level of thirty and applied the following adjustments: (1) a two-level reduction under United States Sentencing Guideline (USSG) §2D1.1(b)(18), because Sanchez met the safety valve criteria for lower-level offenders; (2) a two-level reduction under §3B1.2(b), because Sanchez played a minor role in the offense; and (3) a three-level

---

[1] Because we write for the parties, we therefore recite only those facts necessary to our disposition.

2

reduction under §3E1.1, because Sanchez had accepted responsibility for his offense. After considering Sanchez's entire criminal record, the District Court granted Sanchez's motion for a downward departure and lowered his criminal history category from III to II. In turn, the court adjusted Sanchez's sentencing range to fifty-one to sixty-three months.[2] After analyzing the 18 U.S.C. § 3553(a) factors, the District Court sentenced Sanchez to thirty-six months' imprisonment.

In sentencing Sanchez, the District Court rejected his request for a four-level minimal participant reduction, pursuant to USSG §3B1.2(a), which would have decreased his offense level by an additional two points. Sanchez argued that "there are a number of the codefendants who are clearly more culpable."[3] He singled out one codefendant with whom the government had agreed to a minimal participant reduction, despite that codefendant having acted as a courier and communicated with two high-ranking members of the DTO, in addition to receiving parcels. The District Court recognized that it was a "close call" as to whether Sanchez's role was minimal or minor.[4] Though the court acknowledged that Sanchez's role relative to several of his codefendants was "clearly minor,"[5] it concluded that his role could not be described as minimal,

---

[2] If the District Court had granted Sanchez a four-level minimal participant reduction (with a criminal history category of II), his sentencing range would have been reduced to forty-one to fifty-one months' imprisonment.

[3] Appx 117.

[4] Appx 123.

[5] *Id.*

particularly due to the "enormous quantity of cocaine" he had accepted and the length of time of his involvement.[6]

## II.     Discussion

Sanchez contends that the District Court erred by concluding that he had played a minor role rather than a minimal role in the conspiracy. Specifically, he argues that the court failed to conduct the proper comparative analysis of his culpability relative to his codefendants using the factors outlined in *United States v. Brown*,[7] *United States v. Headley*,[8] and the commentary to USSG §3B1.2. We disagree.

"We employ a mixed standard of review when considering whether a defendant was entitled to a base level reduction for being a minimal or minor participant in the criminal activity."[9] We exercise de novo review "[w]hen the district court's denial of a downward adjustment is based primarily on a legal interpretation of the Guidelines the defendant claims to be erroneous."[10] However, we review for abuse of discretion "the District Court's application of the Guidelines to facts" and will reverse factual findings "only if clearly erroneous."[11]

Under §3B1.2, the sentencing court may reduce the defendant's offense level based on his mitigating role in the offense. Determining whether a defendant had a

---

[6] *Id.*
[7] 250 F.3d 811 (3d Cir. 2001).
[8] 923 F.2d 1079 (3d Cir. 1991).
[9] *United States v. Womack*, 55 F.4th 219, 243 (3d Cir. 2022) (quoting *United States v. Carr*, 25 F.3d 1194, 1207 (3d Cir. 1994)).
[10] *Id.*
[11] *United States v. Tupone*, 442 F.3d 145, 149 (3d Cir. 2006).

"minor" or "minimal" role is a fact-intensive inquiry that requires the court to assess "the totality of the evidence."[12] The court may grant a four-level reduction if the defendant was a "minimal participant," that is, if he was "plainly among the least culpable of those involved in the conduct of a group."[13] The court may grant a two-level reduction if the defendant was a "minor participant," that is, if he was "less culpable than most other participants in the criminal activity, but [his] role could not be described as minimal."[14] The defendant bears the burden of demonstrating that "the [mitigating] role adjustment should apply."[15]

In *Brown*, relying on our Court's prior analysis in *Headley*, we explained that "a defendant's eligibility for [a mitigating role adjustment] turn[s] on whether the defendant's 'involvement, knowledge and culpability' were materially less than those of

---

[12] *Womack*, 55 F.4th at 243, 246; *see also* USSG §3B1.2, comment. (n.3(C)). Application Note 3(C) sets forth a non-exhaustive list of factors for courts to consider:

    (i)    the degree to which the defendant understood the scope and structure of the criminal activity;

    (ii)    the degree to which the defendant participated in planning or organizing the criminal activity;

    (iii)    the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;

    (iv)    the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;

    (v)    the degree to which the defendant stood to benefit from the criminal activity.

[13] *Id.* at 243–44 (quoting §3B1.2(a) & comment. (n.4)).

[14] USSG §3B1.2(b) & comment. (n.5).

[15] *United States v. Isaza-Zapata*, 148 F.3d 236, 240 (3d Cir. 1998) (citing *United States v. Price*, 13 F.3d 711, 735 (3d Cir. 1994)). Sanchez has not argued that his case falls between §§3B1.2(a) and (b), which would have entitled him to a three-level reduction. *See* USSG §3B1.2.

other participants."[16] *Brown* and *Headley* require the court to consider "(1) the defendant's awareness of the nature and scope of the criminal enterprise; (2) the nature of the defendant's relationship to the other participants; and (3) the importance of the defendant's actions to the success of the venture."[17] The court should assess "each of these factors in relation to the other participants in the conspiracy."[18]

We find no clear error in the District Court's determination that Sanchez played a minor, rather than minimal, role in the conspiracy. "While there may well be two permissible views as to whether the evidence supports a mitigating role adjustment, 'the factfinder's choice between them cannot be clearly erroneous.'"[19] The record reflects that the District Court focused primarily on the duration of Sanchez's involvement in the conspiracy (nine months), the number of parcels (six) he had received and delivered to another coconspirator, the vast quantity of cocaine he had admittedly received (between five and fifteen kilograms), and the fact that the DTO paid him for his actions, which all speak to "the importance of [his] actions to the success of the venture."[20] The District Court also considered Sanchez's culpability in comparison to his codefendants, noting that "relative to the roles played by several of the co-defendants, Mr. Sanchez's role was clearly minor."[21] Although the District Court did not recite the *Brown/Headley* factors in

---

[16] *Brown*, 250 F.3d at 819 (quoting *Headley*, 923 F.2d at 1084).
[17] *Id.*
[18] *Id.* (citing *Isaza-Zapata*, 148 F.3d at 239).
[19] *United States v. Self*, 681 F.3d 190, 201 (3d Cir. 2012) (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985)).
[20] *See Brown*, 250 F.3d at 819 (citing *Headley*, 923 F.2d at 1084).
[21] Appx 123.

its analysis, we will uphold the sentence where, as here, "the record amply supports the district court's conclusion" that the defendant was not a minimal participant in the offense.[22]  Sanchez contends that he had no knowledge of the enterprise's scope and had direct contact with only one other codefendant.  However, Sanchez's coconspirators had "trusted [him] to handle the distribution of wholesale quantities of drugs,"[23] in particular, between five and fifteen kilograms of cocaine, valued at approximately $29,000 to $32,000 per kilogram.  Ultimately, we agree with the District Court that this case is a "close call."[24]  That is the very reason that the court did not clearly err in finding that Sanchez had played a minor, rather than minimal, role.

III.    Conclusion

We conclude that Sanchez has failed to establish that the District Court abused its discretion in granting a two-level minor role reduction rather than a four-level minimal role reduction.[25]  Accordingly, we will affirm the District Court's judgment of sentence.

---

[22] *See Carr*, 25 F.3d at 1208.

[23] *See Self*, 681 F.3d at 201 (citing *Isaza-Zapata*, 148 F.3d at 241).

[24] Appx 123.

[25] To the extent Sanchez suggests that the least culpable member of any given conspiracy is entitled to a "minimal participant" reduction as a matter of law, we disagree.  *Cf. Brown*, 250 F.3d at 819 ("[T]he mere fact that a defendant was less culpable than his co-defendants does not entitle the defendant to 'minor participant' status as a matter of law. If this were the case, then the least culpable member of any conspiracy would be a minor participant, regardless of the extent of that member's participation." (citation omitted)).